## Wright et al., *versus* Commonwealth ex rel.

1. An election held for seven directors of a private corporation created under the General Corporation Act of 1874, at which the cumulative system of voting was employed, and five directors only received the necessary pluralities, is valid as to the five so elected, and they have full power to act as a board, even though the two remaining directors were not chosen.

2. Whether in the event of a second election to fill the vacancies in the board, the cumulative system could be again employed, and if so, in what manner, not decided.

April 14th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas of *Luzerne county :* Of January Term 1885, No. 302.

Quo warranto, by the Commonwealth ex rel. H. A. Fuller et al. against George R. Wright, Isaac Long, George H. Parrish, Sheldon Reynolds and William M. Miller, to ascertain by what right the said respondents act as directors of the Wilkes-Barre Electric Light Company.

The facts were as follows : The said company was incorporated under the General Corporation Act of April 29th, 1874. Its by-laws provided, inter alia, that "the regular annual meeting of the stockholders shall be held on the first Wednesday of December in each year" and that "at the regular annual meeting of the stockholders the judge or officer being first duly sworn shall hold an election by ballot for the purpose of choosing a board of directors. . . . . . The seven stockholders having the highest number of votes shall be declared duly elected to constitute the board of directors, who shall hold their offices for one year or until their successors shall be elected."

At the regular election of 1884, after a ballot had been taken to select seven directors to serve for the ensuing year, and before the result had been ascertained, the meeting adjourned sine die. The result of the ballot was that five of the candidates received the necessary plurality, but that the three next highest received an equal number of votes and

therefore failed of an election. A number of the votes cast were cumulated. No adjourned or subsequent meeting was held for the purpose of another election. The respondents, constituting the old board of directors, held that the failure of the stockholders to elect at their annual meeting an entire new board of seven members, invalidated the election of the five who received the highest number of votes at this election, and that therefore the old board held over. Whereupon this quo warranto was brought by the Commonwealth ex rel., H. A. Fuller et al., the newly elected directors, against the respondents.

The court (WOODWARD J.,) held in an opinion filed, that the election of the five directors was valid, and that they, being a quorum of the board, could act as such ; that the vacancies in the board could be filled at any special meeting called for the purpose after due notice. He therefore awarded judgment of ouster against the respondents, who thereupon took this writ of error, assigning as error the said action of the court.

*J. Vaughan Darling* (with him *E. P. Darling*), for the plaintiffs in error.—A partial election of a board of directors of a corporation formed under the Act of 1874, is not valid. It is true that in the cases of People v. Jones, 17 Wend., 81 ; Union Ins. Co. Case, 22 Id., 591, and Excelsior Ins. Co. Case, 38 Barb., 297, cited by the court below, such an election was held valid ; but in these cases a special and express power to complete an incomplete election was given either to the corporation or to the court. The very necessity of such special power shows that in its absence a partial election would be invalid. No such power is given to the corporation in the present case either by its charter or the Act of 1874, and it is not one of the implied powers that where in every corporation at common law, the stockholders of this company can only fill vacancies in the board of directors either at the regular annual meeting or at an adjourned meeting thereof. To contend otherwise is to assert that a corporation which has failed to elect on the day fixed by its charter may do so at any future time. At common law, the failure to elect at the regular meeting worked a forfeiture of the corporation's franchises. The Act of 1874 so far modifies this as to prevent the forfeiture, not by extending the power of election but by authorizing the old board to hold over until its successors are duly elected : Angell and Ames on Corp., § 771 ; Rose v. Turnpike Company, 3 Watts, 46 ; Philips v. Wickham, 1 Paige, Ch. Rep., 590. If a board of directors can be elected piecemeal, the minority stockholders might be deprived of that

13 OUTERBRIDGE—36

protection which the cumulative system of voting affords them. If all but one director were elected at the first election, how could the remaining director be elected on the cumulative plan? Or if more than one director remain to be elected, shall they who by their cumulating created the pluralities of those who were elected, be permitted to cumulate their votes again in filling the vacancies? To permit the board of directors to be elected piecemeal and at any other than the regular meeting set for the purpose, would certainly introduce doubt and confusion into the management of corporations, and frustrate the design and object of the system of cumulative voting.

*Henry A. Fuller* (with him *Henry W. Palmer*), for the defendants in error.—The fallacy of the argument of plaintiffs in error is in confusing the power to complete an election with that of the validity of a partial election. The election of the five directors who received pluralities is valid even if it be conceded that the corporation has no power to fill the vacancies caused by the failure to elect the remaining two members: Union Ins. Co. Case, 22 Wend., 591; Excelsior Ins. Co. Case, 38 Barb., 297; People *v.* Jones, 17 Wend., 81. Nor can the cumulative system affect the validity of this election. The difficulties suggested by the counsel for the plaintiffs in error might arise in the event of a supplementary election to fill the vacancies in the board. They do not arise in the present case and therefore need not be discussed. The case of Pierce *v.* Commonwealth, 8 Out., 150, is on all fours with the present one and fully sustains the decision of the court below.

Mr. Justice PAXSON delivered the opinion of the court October 5th, 1885.

This record presents the single question whether where an election is held for seven directors of a private corporation created under the Act of 1874, at which the cumulative plan of voting is employed, and five only, composing a legal quorum, of the candidates receive a plurality of votes, is such election valid as to the five so chosen?

It is not denied that the election was regularly and legally held on the day appointed by the charter; nor that the votes were properly counted. When, however, the result was made known, the stockholders' meeting had been adjourned; and it was found that in consequence of a tie vote for three of the candidates five only had received a plurality. There was no attempt to complete the number by a second ballot as the stockholders, not anticipating such a result, had left for their homes, nor was a subsequent special meeting called for that purpose. The five directors receiving a majority proceeded to organize

the new board, and the vacancies have not been filled in any manner. The old board claim to hold over upon the ground that the board must be elected as an entirety, and that the election of a portion only of the number is a nullity.

The election was for seven directors. That they are called a board has no significance. There were seven places to be filled. When the polls closed the five persons who received a plurality of all the votes cast were either elected or they were not. Did the failure to elect the other two directors at the annual meeting render the election invalid as to the five? If so, we have a principle which is wholly at variance with our entire theory of elections, public and private, political, municipal and corporate. No doubt exists that if the stockholders had not adjourned and had proceeded to another ballot, the result would have been legal. Nor is there more room to doubt that had they adjourned the election to a subsequent day, an election for two more directors on that day would have been valid. It is said however, that inasmuch as there was no such ballot and no adjournment, and the Act of 1874 does not provide for filling up the board under such circumstances, the two vacancies cannot be filled at all; and that the five directors who were elected cannot act, and the old board holds over. This conclusion is reached by confusing two distinct questions,—the validity of the election of the five directors, and the filling the vacancies caused by the failure to elect the remaining two. The first question is legitimately before us and must be decided; the second is not. The five directors having received a majority of votes were elected; their right to their seats does not depend upon the failure of the corporation to fill the vacancies any more than it would had the vacancies occurred from any other cause. The power of a board is never suspended by vacancies unless the number be reduced below a quorum. Here a quorum were elected; their power to act is not impaired by the neglect of the corporation to fill up the board. It is begging the question to say that the Act of 1874 does not provide for such a contingency. If the mode of doing so had been prescribed by the Act or by the charter of the corporation, the mode thus designated must be followed. See Gowen's Appeal, 10 W. N. C., 85. But where the Act is silent, and there is no prohibition, the power inheres in the corporation to hold an election. It is a necessity of its corporate existence, and is among the implied powers granted. This is familiar law: Dillon on Corporations, vol. 2, page 768; Angell & Ames on Corporations, § 124; People v. Runkel, 9 John., 157.

But the mere power to fill vacancies, or the manner by which it shall be done, has no relation to the power of the

other directors, or the validity of their election. *Non constat* that such vacancy will be filled at all. A stockholder may perhaps by appropriate proceedings compel the corporation to proceed to fill vacancies in the board of directors, but no one has ever supposed that a neglect to fill up the board would prevent the directors from acting as a board so long as there was a quorum. I have not been able to find a single authority which sustains the position of the plaintiffs in error, while the cases of the Union Insurance Company, 22 Wend., 591; People *v.* Jones, 17 Id., 81; the Excelsior Ins. Co., 38 Barb., 297, are entirely in accord with the views I have expressed.

The question of the effect of cumulative voting is entirely outside this controversy. When the votes under such a system are cast and counted, the validity of the election must be de-termined precisely as in all other cases. Whether the stockhold-ers can cumulate again to fill the vacancies is a matter that must be determined when the case arises. We cannot settle it in advance and therefore will express no opinion. The compli-cations suggested in the argument of the learned counsel for the plaintiffs may not, and probably will not ever arise. If they should we will endeavor to grapple with them when they are brought before us.

Judgment affirmed.