CASE 7—ACTION BY C. E. O'NEAL AGAINST THE F. A. NEIDER CO. FOR SALARY.—APRIL 28.

# O'Neal v. F. A. Neider Company.

APPEAL FROM BRACKEN CIRCUIT COURT—JAMES P. HARBESON, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

CORPORATIONS—OFFICERS—ELECTION—REMOVAL—POWERS OF DIRECTORS —BY LAWS—STATUTES.

1. A corporate by-law provided that the board of directors at its annual meeting in September of each year should elect a treasurer

O'Neal y. F. A. Neider Co.

who should hold office until the next annual election, or until his successor had been elected and qualified. The first meeting for the election by the board of directors was held on June 8, 1901, at which time plaintiff was elected treasurer. No election was held by the board of directors in September, 1901, and the minutes of the meeting of June 8, 1901, did not indicate that the officers then elected were to hold office until September, 1902. Complainant held his office until January 29, 1902, at which time he was removed at a regular meeting of the corporation, and another elected to the vacancy. HELD, that, in the absence of a contract especially employing him for a longer period, his term of office expired in September, 1901, and his tenure thereafter was at the pleasure of the board of directors.

2. Under Ky. Stat. 1903, section 542, providing that when a corporation's articles are filed and recorded, and the license tax paid to the State, the corporation shall be deemed to be organized, and may adopt and use a corporate seal, and have power to appoint, remove, and elect officers; directors of a corporation have the right to discharge an officer at any time, without cause, in the absence of a contract under which such officer is entitled to hold his office for a definite period.

GEORGE DONIPHAN, W. S. PRYOR, AND J. R. MINOR, ATTORNEYS FOR APPELLANT.

On behalf of appellant we contend:

1. That the employment of appellant was for a term of at least one year; that his dismissal was arbitrary, summary, and without cause or excuse.

2. That if the corporation had a right to remove its treasurer on the ground that he had no franchise, but was a paid employe only, yet the corporation is liable on damages just as a private citizen is for breach of contract.

3. The damages are in this case the loss of salary for the unexpired term.

4. If there is any difference in the understanding of the contract or the meaning of any of its terms, the understanding of the promisee prevails, especially where the promisor has knowledge or notice that promisee's understanding is different from that of the promisor.

## AUTHORITIES CITED.

Kentucky Statutes, sec. 542; Am. & Eng. Ency. of Law vol. 17 (2d ed.), pages 17 and 20; Same vol. 2, p. 314; Thomson's Cor-

O'Neal v. F. A. Neider Co.

porations, vol 1, sec. 805; Jackson v. Tapping, 19 Am. Dec., 515; (1 Wendell, 388); State v. Kuchu, 34 Wis., 229; Hellwell on Stocks and Stockholders (1903 Ed.), sec. 261.

BYRON & HARGETT, FOR APPELLEE.

Appellee contends that it had the right to remove appellant from office without cause for the following reasons:

1. Appellant was elected to serve until September following, hence he can not complain of being discharged at any time after the month of September, unless he first shows that he had a special contract to remain in its employment thereafter.

2. The appellee's articles of incorporation authorize it to appoint, remove or elect officers at any time.

AUTHORITIES CITED.

Ky. Stat., sec. 542; Am. Ency of Law (2 ed.), vol. 2, p. 316; Sun Mutual Ins. Co., 26 La. Ann., 13; Douglass v. Merchants Ins. Co., 118 N. Y., 484 (7 L. R. A., 822); Cook on Stocks and Stockholders and Corporation Law, sec. 711; Clark & Marshall on Private Corporations, vol. 3, sec. 666.

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

The appellant, C. E. O'Neal, sued the appellee, the F. A. Neider Company, a corporation engaged in the business of manufacturing carriage supplies and trimmings, to recover salary alleged to be due him as its treasurer from January 29, 1902, to September of that year, at the rate of $1,200 per annum. It was averred in the petition that appellant was elected to the office in question June 8, 1901, by appellee's board of directors, and that his term of office should have continued until the time fixed by the articles of incorporation for the next annual election, which was required to be held in September of the succeeding year, and that he accepted the office at a salary of $1,200 per annum, notwithstanding which the board of directors, without cause, removed him from office on January 29, 1902; that he was willing and offered to continue in and do the work of the

office until the annual election in September, 1902, but was not permitted to do so, and was thereby thrown out of employment, and unable to get work, though he made a diligent effort to do so. Appellee filed a demurrer to the petition, which was sustained by the lower court, and the petition dismissed, and from that judgment this appeal is prosecuted.

It appears that the first meeting of the stockholders after the organization of the appellee company was held June 8, 1901, at which time a board of directors was elected and by-laws adopted. At that meeting appellant was elected treasurer, and at once entered upon the discharge of his duties, continuing to serve until January 29, 1902, at which time he was, at a regular meeting, and by formal action of the board of directors, removed from office, and another elected to the vacancy. A by-law of the appellee company provides that "the board of directors at its annual meeting in September in each year shall elect from their own members a president, vice president, secretary and treasurer, which officers shall hold their respective offices until the next annual election, or until their successors have been elected and qualified. . . ." No election was held by the board of directors in September, 1901, as should have been done; nor does it appear that the minutes of the meeting of June 8, 1901, indicate that the officers then elected were to continue in office until September, 1902. It would seem, therefore, that appellant was elected at that meeting for the time intervening between that date and the date for the succeeding September election, 1901; and, as there was no election held in September of that year, and no contract is alleged, employing him specially for a longer period, it would further seem that his continuance in office was without any fixed ten-

ure after the time at which an election ought to have been held in September, 1901. If so, we are of opinion that appellant can not complain on account of being discharged at any time subsequent to September, 1901, unless he avers that he had a special contract with appellee to remain in its employment longer, which he has not done.

In Cook on Stock & Stockholders, sec. 711, it is said: "Sometimes, however, the charter or statutes authorize and empower the stockholders to remove directors at any time."

In Clark & Marshall on Private Corporations, volume 3, sec. 666, it is said: "In some jurisdictions there are statutes expressly giving the stockholders power to remove directors or other officers at any time, or to remove them for cause, and such power may be reserved by a by-law if it is not inconsistent with the charter or general law." And we may add that such power of removal may be, and often is, conferred in the same way upon the directors, especially where the right to elect or appoint the other officers, such as president, treasurer, etc., is vested in them, instead of being reserved to the stockholders. In second edition Am. & Eng. Ency. of Law, vol. 2, p. 316, the author says: "The removal of the officers of private corporations is generally governed by local statutes or corporate by-laws." The appellee seems to have adopted no by-law on this subject, other than the one already quoted, which provides that the officers elected by the board of directors shall "hold their respective offices until the next annual election, or until their successors have been elected and qualified," and, as we have already indicated, there was no election of officers held by appellee's board of directors in September succeeding the organization of the corporation as provided by its charter. We find, however, that it is provided by section 542, Ky. St., 1903, that "when the articles are filed and recorded as provided, and the license tax

imposed is paid to the State, the corporation shall be deemed to be organized for the purpose of transacting, promoting, or carrying on, the business or purpose for which it was created; and shall thereupon become a body corporate, and be known by its corporate name, and as such may adopt and use a corporate seal; and shall have power to . . . appoint, remove and elect officers," etc. We are of opinion that this statute gave appellee's board of directors the right to discharge appellant at any time without cause, and with out rendering itself liable in damages, unless in so doing it violated a contract under which he had the right to continue longer. which we think was not the case here.

Wherefore the judgment of the lower court is affirmed.