REDMOND BROTHERS, Appellees v. AUGUST HENKE, Appellant.

**Brokers:** DOUBLE AGENCY: EVIDENCE. In an action for a brokers' commission defended upon the ground of double agency, the evidence is held to warrant a finding that defendant knew, prior to the exchange of properties agreed upon, that the other party was to pay plaintiff a commission.

*Appeal from Plymouth District Court.*— HON. F. R. GAYNOR, Judge.

WEDNESDAY, FEBRUARY 12, 1908.

ACTION to recover a commission for effecting the trade or exchange of a hotel and livery barn belonging to defendant. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Zink & Roseberry,* for appellant.

*Boland & Bradley,* for appellees.

DEEMER, J.— Plaintiffs claim that defendant listed his hotel, livery barn, and personal property connected with the hotel with them for either sale or exchange, and that in event they sold or found an exchange of the same for a farm they were to receive as commission the sum of $150. Defendant admits that he listed the property for sale, but says that he was not to pay a commission for an exchange thereof. Plaintiffs did find one who was willing to exchange a farm for defendant's property and with whom an exchange was in fact made. But defendant contends that he should not pay a commission for the further reason that plaintiffs, without his knowledge or consent, were paid a commission by the owner of the farm. There is a conflict in the testimony regarding the terms of the commission contract, but the jury settled that issue by its verdict for plaintiff.

It is contended, however, that the uncontradicted evidence shows that plaintiffs received a commission from the owner of the farm, without defendant's knowledge and consent, and that having attempted to serve two masters they connot recover from him. The trial court gave instructions upon this issue which are not complained of, and left it to the jury to find whether or not plaintiffs were employed by the landowner as his agent, and as to de-

fendant's knowledge of such employment, if any such existed, prior to or at the time of the exchange. The exact point made in this connection is that the testimony shows without conflict that Seamonds, the landowner, did employ plaintiffs as his agents, and agreed to and did give them a commission for making the exchange, and that defendant had no knowledge of that fact at the time the exchange was consummated. There is no doubt that before the exchange was consummated Seamonds, the landowner, agreed to pay plaintiffs $100 for consummating the exchange, and the only other question ·in the case is, did defendant have knowledge of that fact prior to or at the time the exchange was finally agreed upon? The testimony upon this proposition is somewhat meager, but we think there was enough to take the case to the jury. Defendant testified that he did not think plaintiffs were working for nothing, that he had an idea that Seamonds was paying them, and that he believed when he made the exchange that Seamonds was going to pay them. Under the instructions this was sufficient to justify a verdict for plaintiffs upon this issue, the burden being placed upon defendant to show the agreement with Seamonds and want of knowledge on his part thereof.

No complaint is made of the instructions, and, finding no error, the judgment must be, and it is, *affirmed.*