# Brindley, Appellant, v. Walker.

*Corporations—Officers—Secretary and treasurer—Ministerial office— Removal—Act of April 29, 1874, P. L. 73—Act of May 14, 1891, P. L. 61.*

The general rule with respect to officers in ordinary private corporations, is that all below the grade of directors, and such other officers as are elected by the corporation at large, hold their offices durante bene placito, and are removable by the directors without cause being assigned.

The secretary and treasurer of a corporation organized under the Act of April 29, 1874, P. L. 73, are ministerial officers, and are removable by the board of directors without cause being assigned for such removal.

The provision of the Act of May 14, 1891, P. L. 61, amending the Act of April 29, 1874, P. L. 73, that the business of the corporations chartered thereunder " shall be managed and conducted by a president, a board of directors or trustees, a secretary or clerk, a treasurer, and such other officers, agents and factors as the corporation authorizes for that purpose," does not make the secretary and treasurer other than ministerial officers, or protect them from removal by the directors.

Argued March 30, 1908.    Appeal, No. 10, Jan. T., 1908, by plaintiff, from judgment of C. P. Erie Co., Nov. T., 1907, No. 125, for defendants on demurrer to answer in mandamus proceedings in case of Zachary T. Brindley v. Edwin Walker, Clarence L. Walker and Erie Specialty Company.    Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition for mandamus.

Demurrer to answer.

The following facts appear from the opinion of the court below :

The Erie Specialty Company is a business corporation duly chartered in 1902, under the general act of April 29, 1874, and its supplements, and located at Erie, Pa.    It has an authorized capital stock of $100,000, divided into 1,000 shares of the par value of $100 each.    It has a paid up capital of $70,000, consisting of 700 shares of stock, of which the plaintiff, Zachary T. Brindley, owns 350 shares and defendant Edwin Walker owns 349 shares, and defendant Clarence L. Walker owns one share.

That said corporation has always been, and still is, managed by a board of three directors, which directors are said stockholders, and have been elected annually at the stockholders' meeting held in the month of August of each year, and were again re-elected at such meeting held in August, 1907. And the said board of directors thereupon immediately organized by the election of said Edwin Walker as president, and said Zachary T. Brindley as secretary and treasurer, and the said Clarence L. Walker was appointed superintendent for the ensuing year.    That said Edwin Walker had held the said office of president and the said Zachary T. Brindley had held the said office of secretary and treasurer ever since the organization of said corporation.    That about one month after said last annual election the said president of the board of directors requested the secretary to call a meeting of said board in a letter as follows, viz. :

"ERIE, PA., Sept. 28, 1907.

"Z. T. BRINDLEY, Secretary Erie Specialty Company, Erie, Pa.

" Dear Sir : I want you to call a meeting of the board of directors for Monday, at 3 P. M.　I have a proposition I desire to present to the board, so please notify Clarence.　I am going down to Westfield to see the Welch Grape Juice Company, and may go to Hamburg, so may not be back until Monday noon.

" Yours, etc.,

" EDWIN WALKER, Pres."

Pursuant to which the secretary called a meeting of the board for Monday, September 30, 1907, at which all the directors were present, and at which resolutions as follows were adopted by the votes of said directors, Edwin Walker and Clarence L. Walker :

" Resolved, that the president of the Erie Specialty Company is hereby authorized and directed to employ counsel and defend the Erie Specialty Company in the suit brought by Z. T. Brindley v. Erie Specialty Company.

" Resolved, that Z. T. Brindley is hereby removed and dismissed from the office of secretary and treasurer of the Erie Specialty Company, to take effect immediately.

" Resolved, that Henry L. Morse is hereby elected secretary of the Erie Specialty Company, to take effect immediately.

" Resolved, that Clarence L. Walker is hereby elected treasurer of the Erie Specialty Company, and that his salary as treasurer and superintendent shall be two hundred ($200) dollars per month from and after September 30, 1907."

· And that said director, Zachary T. Brindley, protested and voted against the adoption of each of said resolutions.

That at such directors' meeting in August, 1907, the salary of Edwin Walker as president was fixed at $300 a month, and that of Zachary T. Brindley as secretary and treasurer was fixed at $250 a month, and that of Clarence L. Walker as superintendent at $175 a month for the ensuing year.　That at a subsequent meeting of said board the action of said board in increasing the salary of said Clarence L. Walker to $200 a month was rescinded.　That said plaintiff, by virtue of his said appointment at the August meeting of said board, continued to act as secretary and treasurer of said corporation until said meeting on September 30, 1907, but had not taken

the secretary's oath as required by law, nor filed a new bond as required by the by-laws of said corporation, but did tender such a bond on October 28, 1907, before bringing this suit. That on said September 30, 1907, after the adoption of said resolutions, the said president of the board gave Mr. Brindley written notice of his removal and directed him to surrender the property which he held as such secretary and treasurer, and to transact no further business as such; and since which time he has not been permitted to act as such officer. No charges were preferred against Mr. Brindley and no reason given for his removal. He is still a director of said company, and brings this writ of mandamus to be restored to the said office of secretary and treasurer. There is nothing in the by-laws of said corporation fixing the length of the term of any of the officers of said company nor the manner of their removal.

The court entered judgment for defendants on the demurrer to answer.

*Error assigned* was the judgment of the court.

*Frank Gunnison,* with him *John S. Rilling* and *Henry E. Fish,* for appellant.—Under the act of assembly under which the Erie Specialty Company was incorporated, the secretary and treasurer are general and not subordinate or ministerial officers.

It must be conceded that neither the act of assembly nor the by-laws of the corporation, by express written language, fixes the term of the office. They do, however, provide for annual elections. The directors and officers have uniformly, since the organization of the company, been elected annually for the term of one year. The election of the plaintiff in 1907 was for the "present year." It is so alleged in the petition for the mandamus and admitted in the answer. The custom of electing for the term of one year, followed in this instance, would seem to have the force of a by-law, and the election for that term to have the effect of a contract: Dunston v. Imperial Gas Light, etc., Co., 3 Barn. & Ad. 125; Fairfield County Turnpike Co. v. Thorpe, 13 Conn. 173; Langsdale v. Bonton, 12 Ind. 467; Lockwood v. Mechanics' Nat. Bank, 9 R. I. 308;

Union Bank v. Ridgely, 1 Harr. & G. (Md.) 324 ; Reuter v.
Tel. Co., 6 El. & Bl. 341 ; Holly Springs Bank v. Penn, 58
Miss. 421 (38 Am. Repr. 330) ; McMichael v. Brennan, 31 N. J.
Eq. 496 ; Henry v. Jackson, 37 Vt. 431 ; Sills v. Brown, 9 Car.
& P. 601 ; Chambersburg Insurance Co. v. Smith, 11 Pa. 120 ;
Com. v. Christian, 9 Phila. 556.

An officer cannot be removed from his office during his
term, except after notice and an opportunity to be heard and
to defend : Riddell v. Harmony Fire Co., 8 Phila. 310 ; Field
v. Com., 32 Pa. 478 ; Com. ex rel. Bowman v. Slifer, 25 Pa.
23 ; Com. v. Detwiller, 131 Pa. 614 ; Williams v. Bagot, 3
B. & C. 772 ; Edinboro Normal School v. Cooper, 150 Pa.
78.

Even if there is no term fixed by the act of assembly or the
by-laws, the offices of secretary and treasurer are managing,
and not ministerial, offices, and the occupants of those offices
cannot be removed during the term for which they were
elected except for cause, after reasonable notice, and an op-
portunity to be heard in defense : Reid v. Hood, 2 N. & McC.
(S. C.) 168 ; Ehrenzeller v. Union Canal Co., 1 Rawle, 181, 188 ;
Coffin v. Reynolds, 37 N. Y. 640.

*T. A. Lamb*, with him *J. C. & H. M. Sturgeon*, for appel-
lees.—The officers of a joint-stock company, incorporated for
private purposes, have no private franchise in their office, but
are the mere ministerial agents of the company, to conduct
its business for the benefit and under the authority of the
company : Burr v. McDonald, 3 Gratt. (Va.) 215 ; Adaman-
tine Brick Co. v. Woodruff, 4 McArthur (D. C.), 318 ; In re
Griffing Iron Co., 63 N. J. Law, 168 ; Neall v. Hill, 16 Cal.
145 ; Bainbridge v. Smith, 60 L. T. Rep. 879.

When a charter vests a board with the power to manage
the concerns of the corporation, the power is exclusive in its
character ; the corporators have no right to interfere with
it, and the court will not, even on the petition of a majority,
compel the board to act contrary to its judgment : McCul-
lough v. Moss, 5 Denio, 567 ; Railway Co. v. Alling, 99 U. S.
463 ; Elkins v. Camden & Atlantic R. R. Co., 36 N. J. Equity,
233 ; Saltmarsh v. Spaulding, 147 Mass. 224 (17 N. E. Repr.
316) ; Hoyle v. Plattsburg, etc., R. R. Co., 54 N. Y. 314.

OPINION BY MR. JUSTICE STEWART, May 11, 1908:

By the action of the board of directors of the defendant corporation the appellant was removed, without cause being assigned, from the office of secretary and treasurer to which he had been elected by the board. He seeks by this proceeding to be reinstated, on the ground that in removing him the directors exceeded their power. The general rule with respect to officers in private corporations such as this is, that all below the grade of directors, and such other officers as are elected by the corporation at large, hold their offices durante bene placito, and are removable by the directors without cause being assigned. The reason for the rule is as obvious as the distinction made. The supreme authority in every corporation resides in its membership. The expressed will of the majority at a regular shareholders' meeting governs in all matters within the limits of the charter. Therefore, when action has been taken by the corporation at such a meeting, on any subject pertaining to the affairs of the association, it is beyond the power of any of the agents of the corporation to undo or change what has been done. The directors are the immediate representatives of the corporation charged with the management of its affairs, and are necessarily invested with large discretionary powers; but they can act only where the corporation has not. Ordinarily, the selection of the secretary and treasurer is committed to the board of directors, as was the case here; but when the corporation has itself elected these officers the directors must accept them, and the officers so elected hold on the terms and conditions prescribed by the corporation, and none other. They derive their title to their respective offices from the same source as the directors do theirs, and they can be removed only by the power that appointed them. It is otherwise when the corporation has committed the election to the board of directors. In such case the board stands for the corporation; the officers selected are its appointees, and its power to remove is necessarily implied. "The directors and managing agents of a corporation have undoubted authority to revoke the powers of the inferior agents whom they have appointed. It would be practically impossible to carry on the business of a corporation without this power; it is, therefore, always implied. The power is a

·discretionary one, and the rightfulness of its exercise cannot be investigated by the courts. But the directors of a corporation have no implied authority to revoke the power of those agents who are appointed by a vote of the stockholders, or whose office is fixed and regulated by the charter : " Morawetz on Private Corporations, sec. 541.

" The ministerial officers who are not elected by the corporation at large, for stated terms, but who are appointed by the board of directors, and who, therefore, sustain toward the corporation the relation of an employee toward an employer, serving for a compensation, which in general the directors do not receive, have no franchise in their office, and hence are removable at the mere pleasure of the directors, without the assignment of any cause, without the giving of any notice, and without any trial or investigation into the grounds of the removal : " Thompson on the Law of Corporations, sec. 805.

The secretary and treasurer in corporations such as this are purely ministerial officers. The effort here made to show that under our act of assembly they are something more, is unavailing. The act of 1891, under which this corporation is said to have been chartered, provides that corporations chartered under it " shall be managed and conducted by a president, a board of directors or trustees, a secretary or clerk, a treasurer, and such other officers, agents and factors as the corporation authorizes for that purpose." The effect and purpose of this provision is to require of every corporation that it shall have the officers named, viz. : a president, directors, secretary and treasurer, as a necessary part of the equipment of its organization. The act does not attempt to define the powers and duties of any of the officers named, but leaves these to be implied from the established custom and the nature and character of the places filled. The construction that would make the act invest the secretary and treasurer with discretionary power— something which a ministerial officer has not—would extend that discretionary power to all the agents and factors which the act allows the corporation to employ. Manifestly nothing of this kind was intended.

From what we have said it follows that in removing the appellant from the office of secretary and treasurer the board of directors was exercising a power which rightfully belonged to

it.  Whether it was wisely or considerately exercised is not for us to determine.

The assignments of error are overruled and the judgment is affirmed.