[Civ. No. 1483.   First Appellate District.—March 24, 1915.]

GEORGE W. PENNINGTON, Appellant, v. GEORGE W. PENNINGTON SONS (a Corporation), et al., Respondents.

CORPORATION LAW — BOARD OF DIRECTORS — QUORUM — VACANCY. — A quorum of a board of directors of a corporation is a majority of the entire board as it would be constituted if all vacancies were filled, and not a majority of the board as it remains with the vacancies unfilled; and the power of the board to transact corporate business is neither diminished nor defeated by the fact of a vacancy in the board, unless the number of statutory directors be reduced below the required quorum.

ID.—REMOVAL OF SUPERINTENDENT—VALIDITY OF RESOLUTON.—A resolution of a corporation providing that a certain party be deprived of all salary as superintendent of the corporation, and a resolution calling for his removal from the office of superintendent, and depriving him of all authority to sign checks and documents for or in the name of the corporation, are valid, where they were adopted by the affirmative vote of two out of the three qualified directors present at the meeting, which was regularly called, although there was an unfilled vacancy on the board because of the death of one of the directors and the superintendent, who was a director, was disqualified from voting by reason of his interest in the subject-matter of the resolution.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge.

The facts are stated in the opinion of the court.

Arthur H. Barendt, for Appellant.

Edwin L. Forster, and Robert R. Moody, for Respondents.

THE COURT.—This is an appeal from an order, which was the equivalent of a final judgment, denying plaintiff's petition for a writ of mandate, commanding the corporation defendant and its president, the defendant Thomas Pennington, to restore the plaintiff to his position and salary as superintendent of the corporation, from which he had been removed by a resolution of the board of directors of the corporation at a meeting of the board which admittedly was regularly called in compliance with the by-laws of the corporation.

But one question of law is presented for consideration, and that arises out of the undisputed facts of the case, which are in substance as follows: On the eighth day of September, 1913, a meeting of the board of directors of George W. Pennington Sons, Incorporated, was held in the office of the corporation. There were present at this meeting four of the five directors of the corporation. At the time of this meeting there was a vacancy in the board of directors caused by the death of Mary Ann Pennington. The directors present at the meeting were Thomas Pennington, Edmund Pennington, George W. Pennington, and John Pennington. The meeting was called to order by Thomas Pennington, the president of the corporation, who, after appointing Edmund Pennington as acting secretary, offered a resolution providing that the plaintiff, George W. Pennington, be deprived of all salary as superintendent of the corporation from the date of the meeting. This resolution, after being seconded by Edmund Pennington, was put to a vote, Thomas Pennington and Edmund Pennington voting "yes," and George W. Pennington and John Pennington voting "No." Thereupon Thomas Pennington declared the resolution carried, and then proceeded to offer another resolution, which called for the removal of George W. Pennington from the office of superintendent of the corporation, and deprived him of all authority to sign checks and documents for or in the name of the corporation. The latter resolution was also seconded by Edmund Pennington; and upon being put to a vote was declared carried by the affirmative votes of Thomas and Edmund Pennington.

The only disputed question of fact in the case is as to whether or not George W. and John Pennington were given an opportunity to vote upon the latter resolution. It is conceded, however, that the determination of this question of fact is immaterial to a discussion of the paramount point in the case,

because admittedly the plaintiff was a party interested in the subject-matter of the resolution, and therefore disqualified as a matter of law from voting upon it. In other words, it is admitted that if there had been in existence a full board of five directors, the affirmative vote of two of the three qualified directors present would have been sufficient to legally adopt the resolution deposing the plaintiff; and it is conceded, therefore, to be immaterial to know whether or not the third director was given an opportunity to vote.

It will thus be seen that the paramount question in the case is, as stated by counsel for the plaintiff, "narrowed down to an enunciation of the legal effect of an unfilled vacancy on the board of directors caused by the death, and consequent inability to give notice to five directors." In this behalf it is the contention of counsel for the plaintiff, as we understand it, that when a vacancy is created by death in a corporation's board of directors, no business of the corporation can be transacted until the vacancy in the board is filled, notwithstanding the fact that a sufficient number of the living directors to constitute a quorum may be present at a regular meeting of the board duly called for the purpose of transacting the corporation's business.

Section 308 of the Civil Code provides that "A majority of the directors is a sufficient number to form a board for the transaction of business, and every decision of a majority of the directors forming such board, made when duly assembled, is valid as a corporate act." Admittedly, if there had been no vacancy on the board of directors in the present case, and after due notice of the meeting one of the directors had failed to attend, the resolution in controversy would undoubtedly have been legally adopted by a majority vote of the qualified quorum of directors present at the meeting. No good reason for a contrary conclusion because of a vacancy in the board can be conceived; and indeed a contrary conclusion would necessitate a radical revision of the code section above quoted, and that may be done only by the legislature. The generally accepted rule which defines a quorum in the event of unfilled vacancies in corporate boards of directors is that "A quorum is a majority of the entire board as it would be constituted if all the vacancies were filled, and not a majority of the board as it remains with the vacancies unfilled." (10 Cyc., p. 778.) In other words, the power of the board to transact corporate

business is neither diminished nor defeated by the fact of a vacancy in the board, unless the number of statutory directors be reduced below the required quorum; and the number of directors necessary to be present in order to constitute a quorum for the transaction of corporate business remains the same, even though there be unfilled vacancies in the board of directors. (3 Cook on Corporations, 7th ed., sec. 713A, p. 2462; *Wright* v. *Commonwealth,* 109 Pa. St. 560, [1 Atl. 794].) Practically the same question presented here was involved in the case of *Porter* v. *Lassen County etc. Co.,* 127 Cal. 261, [59 Pac. 563]; and while the court there did not definitely and directly decide the question, nevertheless it quoted with approval the doctrine announced in *Wright* v. *Commonwealth,* 109 Pa. St. 560, [1 Atl. 794], that "the power of a board is never suspended by vacancies unless the number be reduced below a quorum"; and it is very evident that if necessary the court would have decided that "such boards, though curtailed in number, could carry on the corporation's business."

The corporate proceedings complained of in the present case being well within the statutory rule covering and controlling the creation, deliberations and decisions of the board of directors, its action in adopting the resolution in controversy must be held to be valid, and therefore beyond the reach of the mandate of the court.

The order appealed from is affirmed.