STOTT *v.* STOTT REALTY CO.

1. CORPORATIONS—SECRETARY IS MINISTERIAL OFFICER.

The office of secretary of a corporation is a ministerial one, may be filled by one not a director, and its occupant, unless a director, has nothing to say about the management of the company.

2. SAME—SECRETARY MAY BE REMOVED BY DIRECTORS.

> Under section 5, chap. 1, pt. 2, Act No. 335, Pub. Acts 1927, the secretary of a corporation is selected by the directors, and therefore may be removed by them; the distinction between a director and a secretary being that a director, being selected by stockholders, may be removed only by them, while the secretary, being selected by the directors, may be removed by them.

3. SAME—ELECTION OF SECRETARY BY MAJORITY VOTE OF QUORUM OF DIRECTORS VALID.

> Where there was a vacancy in the office of secretary of a corporation, and the board of directors had power under the by-laws of the company to fill the vacancy, the election of a director to said office, who with his own vote received a majority vote of the full board, and without it received the vote of a majority of the quorum present, was valid, since a quorum may act, and a majority vote of the quorum binds the corporation.

Appeal from Wayne; Jayne (Ira W.), J. Submitted January 23, 1929. (Docket No. 62, Calendar No. 34,153.) Decided March 29, 1929.

Bill by Arthur F. Stott against the Stott Realty Company, a Michigan corporation, and others to enjoin the removal of secretary of defendant company and for an accounting. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Edward N. Barnard,* for appellant.

*Friedman, Meyers & Keys,* for appellees.

FELLOWS, J. This is a companion case to *Arthur F. Stott* v. *Stott Realty Co., ante,* 261. In that case the corporate power of the company to mortgage certain of its property to the Northwestern Mutual Life Insurance Company was involved. The facts occurring before the decree in that case was filed in the

court below are there sufficiently stated for an understanding of both cases. Facts occurring after the entry of decree in that case will be stated. We there held that the erection of an office building on land owned by the company, the borrowing of a portion of the money to pay therefor, and the execution of a mortgage to secure its repayment were not *ultra vires* the power of the corporation. The decree in that case in the court below was filed and entered September 5, 1928. The mortgage and accompanying papers were prepared and by action of the board of directors the president and secretary were directed to execute them. Julia Stott Orloff was secretary of the company. She refused to sign the papers, and on September 21st following was, at a meeting of the directors attended by all of them, including herself, removed from the office of secretary and defendant Thomas P. Danahey was elected to fill the vacancy. He and the president of the company executed the mortgage and other papers and they were delivered to the insurance company. A brief time thereafter this bill was filed. It seeks to set aside the ouster of Mrs. Orloff as secretary and to restrain defendant Danahey from acting as secretary. It also asks similar relief to that prayed in the companion case and for an accounting. In so far as this bill seeks to litigate questions involved in the companion case, the opinion in that case controls, and we, therefore, have left only the questions of the validity of Mrs. Orloff's removal and the validity of the selection of her successor. We shall dispose of these questions without passing on or considering any questions of practice.

Cases will be found holding that the board of directors may remove fellow directors, but the weight of authority is against the proposition. Mrs. Orloff

was continued as director. The office of secretary is a ministerial office, may be filled by one not a director, and its occupant, unless a director, has nothing to say about the management of the company. The selection is made by the board of directors (section 5, chap. 1, pt. 2, Act No. 335, Pub. Acts 1927). This distinction between a director and a secretary should be kept in mind. The director, being selected by the stockholders, may only be removed by them, while the secretary, being selected by the directors, may be removed by them. The rule is thus stated in 3 Thompson on Corporations (3d Ed.), § 1926:

"Below the grade of director and such other officers as are elected by the corporation at large, the general rule is that the officers of private corporations hold their offices during the will of the directors, and are hence removable by the directors without assigning any cause for the removal, except so far as their power may be restrained by contract with the particular officer,—just as any other employer may discharge his employee. Speaking generally, it may be said that the power to appoint carries with it the power to remove. * * * Applying the foregoing principles, it has been held that the directors, unless specially authorized, have no power to remove an officer or agent elected or employed by the stockholders; and that the president has no power to remove an officer appointed by the board of directors. The ordinary ministerial and other lesser officers, however, hold their offices during the pleasure of the directors and may be removed at will, without assigned cause. Of this class of officers and agents are the secretary and treasurer of the corporation."

Without quoting from them, the text-writers generally state the same rule although in different lan-

guage. See 7 R. C. L. p. 429; 14A C. J. p. 74; 3 Cook on Corporations (8th Ed.), § 624, p. 2285; 1 Morawetz on Private Corporations (2d Ed.), § 541; 23 L. R. A. (N. S.) p. 1293, note. Mr. Fletcher is somewhat guarded in his statement although recognizing that upon removal without cause the authority to act as an officer ceases, leaving the ousted party his remedy for breach of contract. 3 Fletcher Cyclopedia Corporations, § 1814. The following cases also sustain the rule: *Brindley* v. *Walker,* 221 Pa. 287 (70 Atl. 794, 23 L. R. A. [N. S.] 1293); *Templeman* v. *Grant,* 75 Colo. 519 (227 Pac. 555); *People* v. *Higgins,* 15 Ill. 110; *In re Griffing Iron Co.,* 63 N. J. L. 168 (41 Atl. 931); *Wright* v. *Warren Bros. Co.* (C. C. A.), 204 Fed. 231; *O'Neal* v. *F. A. Neider Co.,* 118 Ky. 62 (80 S. W. 451); *Long* v. *United Savings & Annuity Co.,* 76 W. Va. 31 (84 S. E. 1053); *Spahn* v. *Biclefeld & S. Co.,* 256 Pa. St. 543 (100 Atl. 987); *Bechtold* v. *Stillwagon,* 195 N. Y. Supp. 66; *contra, Fuller* v. *Plainfield Academic School,* 6 Conn. 532; *State* v. *Kuehn,* 34 Wis. 229.

The removal of Mrs. Orloff as secretary of the company was validly accomplished, and we have left only the question of the validity of the election of Mr. Danahey as her successor. The board had power under the by-laws of the company to fill vacancies. Mr. Danahey was a member of the board of directors. We need not consider whether he could validly vote for himself, as there was a quorum present without him, and a majority of that quorum voted for his election. With his vote he received a majority of the full board; without it he received the vote of a majority of the quorum which was present after Mrs. Orloff had left the meeting. The rule is recognized by this court and elsewhere that a quorum may act, and a majority vote of such

quorum binds the corporation. *Ten Eyck* v. *Railroad Co.,* 74 Mich. 226, 233 (3 L. R. A. 378, 16 Am. St. Rep. 633); 2 Thompson on Corporations (3d Ed.) § 942; *Smith* v. *State,* 64 Kan. 730 (68 Pac. 641); *Pennington* v. *George W. Pennington Sons,* 27 Cal. App. 57 (148 Pac. 947). Mr. Danahey's election as secretary was valid.

The decree appealed from will be affirmed, with costs of this court.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.