RONALD J. R. PLATT *vs.* ANTONIO PRINCE, General Treasurer of the State of Rhode Island.

JULY 7, 1933.

PRESENT: Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J.  This is an appeal from a judgment of the Superior Court denying the petition of Ronald J. R. Platt for a writ of mandamus to compel respondent, by whom he had been discharged, to reinstate him in his position.

The petitioner, an honorably-discharged, partially-disabled veteran of the World War, who for over thirteen years had served as bookkeeper and accountant in the office of the General Treasurer, was discharged on May 1, 1933.  As no question was raised as to his ability to perform the duties of his position and no claim made of inefficiency or improper conduct in the performance thereof, petitioner contends that respondent had no legal right to discharge him and that he is entitled to retain his position by virtue of Public Laws 1924, Chapter 557, which reads as follows: "Section 1. In every public department and upon all public works of this state, any honorably discharged soldier, sailor or marine who served in the army or navy of the United States during the civil war, Spanish-American war, Philippine insurrection, China relief expedition or world war, and who, having been disabled in service, and at the time of his application for employment is a qualified elector of this state, shall be preferred for appointment and employment.  Age, loss of limb or other physical impairment, which does not in fact incapacitate, shall not disqualify such veteran, if he possesses the other requisite qualifications.  Whenever any department, board or commission in this state shall have a vacant position available, said department, board or commission, shall notify the veteran's bureau, that a vacancy exists."

The respondent contends that he has the right to discharge any employee of his office and to appoint in his place another person who, in his opinion, after investigation, gives promise of more loyally and efficiently filling the position, and that the fact that the former employee is a veteran does not restrict or limit respondent's right to appoint and discharge.

The petition was denied by the trial court on the ground that, as the statute is silent on the question of discharge and as the respondent discharged petitioner for reasons which, in his judgment, were for the good of the office, there is no basis for the court to intervene and usurp such discretionary power by a writ of mandamus.

The Rhode Island rule—enunciated in *Corbett* v. *Naylor*, 25 R. I. 520 and *Cruise & Smiley Constr. Co.* v. *Town Council*, 42 R. I. 408—is that mandamus is not a proper remedy for controlling the exercise of discretionary power vested in an official. The sole question for our consideration, therefore, is whether, upon the evidence in this case, the court below erred in finding that the respondent had the power to discharge the petitioner.

In many cases courts have considered the power of an appointing officer to discharge a veteran employee claiming the right to retain his position through a "veterans preference statute" similar to our own. In *Keim* v. *United States*, 177 U. S. at 293, a leading case on this subject, the court says: "The appointment to an official position in the government, even if it be simply a clerical position, is not a mere ministerial act, but one involving the exercise of judgment . . . In the absence of specific provision to the contrary, the power of removal from office is incident to the power of appointment. "It cannot be admitted that . . . those offices which are denominated inferior offices should be held during life. And if removable at pleasure, by whom is such removal to be made? In the absence of all constitutional provision or statutory regulation it would seem to be a sound and necessary rule to

consider the power of removal as incident to the power of appointment."

In *People ex rel. Griffin* v. *Lathrop*, 142 N. Y. 113, under a statute similar to our own, a warden discharged a veteran from his position as keeper in a prison without preferring any charges against him or finding any fault with his performance of his duties. He applied for a peremptory writ of mandamus to compel his reinstatement and the ruling denying his application was sustained by the court of appeals for the reason that the warden's statutory power of appointment carried with it by implication the power of removal, as the office in question had no definite term and the power of removal was not limited by law.

Relative to this subject, McQuillan in his work on Municipal Corporations, Vol. 2 (2d) p. 125, says: "The preference of appointment given to veterans by the so-called 'Veteran Acts' is based on the theory of equality of qualifications, and a veteran, though he may be able to perform the duties of the office, will not be preferred to other applicants who have superior qualifications and are better fitted for the place. Whether the qualifications of a veteran are equal to the qualifications of his competitors is to be decided by the appointing power. A veteran has no absolute right to preference of appointment merely because he is a veteran; to be entitled thereto, he must claim the preference on that ground." To the same effect see: *People ex rel. Fonda* v. *Morton*, 148 N. Y. 156; *McBride* v. *City Council*, 110 N. W. 157; *Boyer* v. *Mayor Etc. of Creston*, 113 N. W. 474; *State ex rel. Keyser* v. *Commissioners*, 57 Ohio St. 86; *Robertson* v. *Alberson*, 114 N. W. 885; *Dever* v. *Humphrey*, 68 Kan. 759; *Davison* v. *Patterson*, 110 Atl. (N. J.) 827; *People ex rel. Lockwood* v. *Trustees*, 7 N. Y. Supp. 125.

While the authorities generally support the proposition that a veteran may be entitled to preference over persons not better qualified for the position, they leave determination of the question of qualification to the judgment of the

appointing officer and hold that courts should not interfere with such judgment when it is honestly exercised.

In the instant case the position in question was one of undoubted importance. The respondent testified fully as to his reasons for considering his appointee, a graduate of an established school of accountancy and a certified public accountant registered in Massachusetts as well as in Rhode Island, to be a man better qualified than petitioner to hold the position.

The statute upon which petitioner relies is by its terms directory rather than mandatory. It does not state the length of time that employees shall be continued in their employment, nor does it contain any direction—or even suggestion—that in the public service there shall be employed any persons save those best fitted to perform the duties required of them. The statute gives to veterans—their other qualifications being equal to those of civilian candidates—a certain preference as to appointment, but it nowhere deprives the appointing official of the power to pass judgment upon these qualifications. There being no statutory provision for discharging such employees, and the term of the appointments being for an indefinite period, the power to discharge employees must of necessity be vested in the official who appoints them.

As respondent's reasons for discharging the petitioner were in his judgment sufficient to justify such discharge, the court below did not err in denying the petition for mandamus.

The appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Rosenfeld & Hagan, C. Bird Keach,* for petitioner.

*John P. Hartigan, Attorney General, William W. Moss, Assistant Attorney General,* for respondent.