DECISION
This matter is before the Court on the parties' cross-motions for summary judgment.
 Facts
The facts are not in dispute.[1] In January 2005, Mr. Grout was appointed Managing Director of the defendant corporation by the chairperson of the board. His appointment was later confirmed by the Board of Directors of the Quonset Development Corporation. On July 12, 2007, Mr. Grout was terminated by the chairperson of the board of the Quonset Development Corporation, without the action of the Board of Directors of that corporation.
Mr. Grout contends that he was not terminated, as the termination requires the concurrence of the board of directors.
 Analysis
The Quonset Development Corporation is a public corporation, established by Rhode Island statute, R.I.G.L. chapter 42-64.10. The corporation has broad powers *Page 2 
under the statutory scheme, but the statutes do not delineate the precise method to terminate a managing director.
Clearly, the Managing Director is hired by the Chairperson (Executive Director) of the corporation.
 (2) Managing director. The chief executive officer of the corporation shall be managing director of the corporation, who shall be appointed by the chairperson with the concurrence of the board. The managing director of the corporation shall be entitled to receive for his or her services any reasonable compensation as the board of directors may determine. The board of directors may vest in the managing director the authority to appoint staff members and to determine the amount of compensation each individual shall receive. R.I. Gen. Laws § 42-64.10-7
Relying on this statute, Mr. Grout claims that the chairperson cannot terminate him, without the concurrence of the board. Mr. Grout asserts that as the power to hire rests in the chairperson with the board's concurrence, the power to terminate also needs the board's concurrence.
Mr. Grout premises his argument on a statute in the Rhode Island Nonprofit Corporation Act:
 § 7-6-29. Removal of officers. — Any officer elected or appointed may be removed by the persons authorized to elect or appoint the officer whenever in their judgment the best interests of the corporation will be served by removal. The removal of an officer is without prejudice to the contract rights, if any, of the officer removed. Election or appointment of an officer or agent does not of itself create contract rights.
In interpreting a statute, the courts first look to the plain meaning of the language employed. "[W]hen the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." Fleet Nat'lBank v. Hunt, 944 A.2d 846, 852 (R.I. 2008), quoting *Page 3 Tinney v. Tinney, 799 A.2d at 236-37 (R.I. 2002) and Mottola v.Cirello, 789 A.2d 421, 423 (R.I. 2002). By the plain language ofR.I. Gen. Laws § 42-64.10-7, it is the chairperson of the corporation who appoints the managing director — the directors merely concur. R.I.G.L. § 7-6-29 empowers the person who appoints with the authority to remove. Therefore, the Chairperson may terminate the Managing Director. Neither statute requires the board's consent to terminate, either explicitly or by implication.
In Fournier v. Fournier, 479 A.2d, 708, 711 (R.I. 1984), our high court interpreted a similar statute which gave the power to remove an officer of a for profit corporation to its board of directors.[2] The court held:
 It is the prevailing view that the power to remove officers and agents of a corporation resides in the body that appointed or elected them. American Center For Education, Inc. v. Cavnar, 80 Cal. App. 3d 476, 492, 145 Cal. Rptr. 736, 746-47 (1978). See Stott v. Stott Realty Co., 246 Mich. 267, 270, 224 N.W. 623, 624
(1929); Brindley v. Walker, 221 Pa. 287, 292, 70 A. 794, 795 (1908). See generally 2 Fletcher, Cyc. Corp. § 357 (Perm rev. ed. (1982). The authority to remove is inherent in and incident to the authority to select. They are corollary powers.
 * * * Having charged Roland to act for it in the first instance, the [hiring entity] board of directors possessed the inherent right and authority to remove from him such aspects of managerial authority as it has bestowed on him. This we find is consistent with general principles of agency which give a principal the right to revoke the agency. See 1 Restatement (Second) Agency § 118 at 300 (1958). Fournier v. Fournier, 479 A.2d 708, 711 (R.I. 1984).
The Quonset Development Corporation cites the case of Platt v.Prince, 53 R.I. 492 (R.I. 1933). Though its holding appears to be limited to the discharge of a governmental official, its reasoning is persuasive: *Page 4 
 ". . . In the absence of all constitutional provision or statutory regulation it would seem to be a sound and necessary rule to consider the power of removal as incident to the power of appointment."
 * * * There being no statutory provision for discharging such employees, and the term of the appointments being for an indefinite period, the power to discharge employees must of necessity be vested in the official who appoints them. Platt v. Prince, 53 R.I. 492, 494-5 (R.I. 1933), quoting Keim v. United States, 177 U.S. 290, 293, 177 U.S. 290; 20 S. Ct. 574; 44 L. Ed. 774, 776 (1900).
The defendant corporation relies on various cases wherein public officials, who were appointed with the advise and consent of the legislature or the confirmation of other public bodies, could be discharged by the appointing authority acting alone. See,e.g., Parsons v. United States, 167 U.S. 324, 331 (1897). This analysis is similar to that which has been applied by the Rhode Island Supreme Court in concluding "Confirmation is a separate and distinct function that makes the appointment of a qualified candidate valid and final."Seeman v. Kinch, 606 A.2d 1308, 1311 (R.I. 1992).
It is the chairperson of the Quonset Development Corporation who possesses the power to appoint. As there is no limitation of his or her power to terminate in the statutes, articles of incorporations or by-laws, the chairperson alone possesses the power to terminate.
 Conclusion
Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted. The Court will issue a declaratory judgment that the Chairperson of the Quonset Development Corporation possesses the power to terminate *Page 5 
the Managing Director and the Quonset Development Corporation did not violate the provisions of R.I.G.L. chapter 42-64.10.
Defense counsel shall prepare and submit a final judgment within ten days.
[1] Counsel agreed that these facts were not disputed and were provided with additional time after the hearing to supplement their memoranda. While the Court prefers a formal stipulation of facts or the taking of evidence, the facts were never in dispute.
[2] The statute considered in Fournier stated: "Removal of officers. — Any officer or agent may be removed by the board of directors whenever in its judgment the best interests of the corporation will be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the person so removed. Election or appointment of an officer or agent shall not of itself create contract rights." General Laws 1956 (1969 Reenactment) § 7-1.1-45.