No. ——

First Circuit

---

HENDERSON v. HAIK

---

(June 26, 1926, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant —Par. 1, 2, 3.**

A contract of employment by which a stenographer agrees to work at a stipulated salary for a year and her employer agrees to employ her during that time is a bilateral contract.

2. **Louisiana Digest—Master and Servant —Par. 20, 21; Obligations, Par. 4.**

The moment employee is discharged without cause his right to recover for salary for the unexpired term of his contract accrues immediately and this can be recovered regardless of what the employee has earned since then.

Appeal from the Parish of Tangipahoa, Hon. Columbus Reid, Judge.

Action by Della Henderson against A. Haik. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

M. J. Allen, of Amite, attorney for plaintiff, appellee.

A. L. Ponder and L. L. Morgan, of Amite, and New Orleans, attorneys for defendant, appellant.

MOUTON, J. Plaintiff sues defendant for $705.00 for salary as clerk for a period of one year, beginning April 13, 1925, and ending April 13, 1926, with legal interest from date.

Judgment was rendered for plaintiff for the amount claimed. Defendant appeals.

Plaintiff contends she was employed by the year at $15.00 per week, that she was discharged without cause, and claims the whole salary she would have been entitled to receive had she completed her full term of service.

Defendant admits plaintiff was employed at $15.00 per week; that she worked five weeks for which she was paid at the rate above stated, but denies that her employment was for a period of one year. This constitutes the sole contention between the parties, with the exception that defendant claims, in the alternative, that should the judgment go against him, he be credited.

with the money plaintiff has earned in another employment in which she has been engaged since her discharge.

Plaintiff, when employed by defendant, was clerking for Finkestein, another merchant. Miss Mae Henderson, sister of the plaintiff, was then working for defendant. She says that defendant called plaintiff in his store and told her, if she would quit Finkestein and would come and work for him he would give her $15.00 a week for 12 months. She says plaintiff said "if you will do that, I will start to work for you next Monday morning". Plaintiff testifies that defendant made her that offer, and that she promised to begin working for defendant on the following Monday. Miss Katherine Robertson, an aunt of the plaintiff, says that plaintiff being fearful that defendant would not keep to his promise, asked her to interview him in reference to the employment in question. She says that acting in compliance with the request of plaintiff she asked defendant if "he would stick to the bargain you made with Della for twelve months' work for fifteen dollars a week"; that he answered he would.

The proof shows that at the end of the fifth week defendant offered a check to plaintiff for $12.00, instead of fifteen, the weekly rate agreed upon; that plaintiff refused to accept the $12.00; that defendant ordered the issuance to her of a check of $15.00 which was accepted, and that defendant then discharged her from further service. Plaintiff testifies that she then told defendant "you promised me a year's work" and that he said "I know, but the crops failed". Her sister, Miss Mae, says, she was present when plaintiff was discharged; that she heard when her sister reminded defendant that he had employed her for a year's work at $15.00 per week; that defendant admitted this but

said, the crop has failed, and I can not afford to give you that any longer. Two other witnesses testify practically to the same effect. There is some testimony conflicting with the statements made by the witnesses above referred to, but the preponderance of the evidence shows that plaintiff was employed by the year, and was discharged on account of the crop failure which was therefore without legal cause.

Counsel for defendant makes the point that the contract between the parties was unilateral, that under its terms plaintiff was not under any obligation to work for defendant during a period of one year, that she was a free lance enjoying the privilege of withdrawing from his service at any time, and that she can not therefore recover.

Counsel, in support of this contention, cites Article C. C., 1765, which reads as follows:

"To all contracts there must be at least two parties; one who does, or engage to do or not to do, another to whom an engagement is made. If the latter make no express agreement on his part, the contract is called unilateral, even in the cases when the law attaches certain obligations to his acceptance."

The proof shows here that defendant said to plaintiff, if you will quit Finkestein and come and work for me, I will give you $15.00 a week for twelve months, and that plaintiff replied, "if you will do that, I will start to work for you next Monday morning". Clearly, when plaintiff said, "I will start to work next Monday morning", she was making an express agreement to begin her services on that day as a clerk for defendant for a period of one year. It is impossible to construe her language otherwise when it is considered, as,

it must be, with the proposition of defendant that he would pay her at the rate stated for that period. She was, on her part, making an express promise to serve defendant as a clerk for the salary offered her by him, and for twelve months. On the part of defendant there was also a reciprocal express agreement to remunerate plaintiff at the stipulated salary. The agreement therefore carried express mutual engagements, and was a bilateral and not a unilateral contract. It was actually carried into effect, as plaintiff entered into the services of defendant on the date agreed upon; worked as his clerk for five weeks, was paid at the stipulated weekly salary for that time and was finally discharged, without serious ground of complaint.

The proof shows that after her discharge plaintiff was employed in Bogalusa, as a clerk at $12.00 per month. The contention of defendant is if judgment is rendered against him, the earnings of plaintiff since her dismissal, should be applied to his credit. The moment an employee is discharged, without cause, his right to recover his salary for the unexpired term of his contract accrues immediately. The fact that he earned, or may have earned, money elsewhere during the unexpired term of his contract, has no bearing, under the textual provisions of our Code and the jurisprudence predicated thereon, upon the rights of the employee to recover. Camp vs. Baldwin-Melville Co., 123 La. 257, 48 South. 927; Shea vs. Schlatre, 1 Rob. 319; Sheets & Grover vs. Culver, 14 La. 449; Curtis vs. Lehmann & Co., 115 La. 40, 38 South. 887; Daspit vs. Holmes Co., 120 La. 86, 44 South. 993.

Defendant is therefore not entitled to any credit from any earnings of the plaintiff since she was dismissed from his service.