EASTERN DIST.
May, 1840.

SHERBURNE
vs.
ORLEANS COTTON
PRESS.

SHERBURNE *vs.* ORLEANS COTTON PRESS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where an engineer of a cotton-press was employed by the year at a fixed salary, and was discharged before the end of the year, without any other cause than that his services were no longer required by the company, it was held that he is entitled to recover his salary for the whole term.

The engineer was entitled to receive his full salary as soon as he was discharged; and no condition could be afterwards imposed by his employer, to return and perform his service for the remainder of the year.

This is an action by the engineer lately employed by the Orleans Cotton Press, to recover his full year's salary. He shows that he was regularly employed, under a resolution of the company, for one year, from the 24th February, 1835, with a salary of twelve hundred dollars per annum; and that, on the 19th September following, he was discharged, by an official note from the secretary of the company, stating "that his services were no longer required." He immediately notified the company that he should claim his salary for the whole year. About a month afterwards, the president of the company told him if he intended to claim his salary for the year, he must come and stay the year out, which he refused. The defendants pleaded a general denial. Upon these facts and issues, the cause was tried. Each party rendered an account.

The district judge was of opinion that there was only one month's salary due the plaintiff: from the 19th September, the day of his discharge, to the 19th October, when he was told to return and stay his year out; that by refusing, he had no further recourse on the company. Judgment was given for only one hundred dollars and eighty-three cents; and the plaintiff appealed.

*Ives* and *M'Caleb* for the plaintiff.

*Lockett,* contra.

*Martin, J.,* delivered the opinion of the court.

The plaintiff is appellant from a judgment which rejects his claim for full wages, as engineer, employed by the defendants, and discharged before the expiration of his term. His wages were fixed by a resolution of the board of directors, of the Cotton Press, at twelve hundred dollars per annum, from the 24th February, 1835, and he was discharged the 19th September following.

EASTERN DIST.
*May,* 1840.

SHERBURNE
*vs.*
ORLEANS COTTON
PRESS.

The district judge was of opinion, as the hiring was by the year, the defendants had no right to discharge the plaintiff until the end of his term ; and that he would be entitled to his whole wages, if he had not been told by the president of the defendant's company, about a month after his discharge, that if he intended to claim his wages for the whole year, he must come and stay the year out ; which he refused : that this was a countermand of the discharge, and the plaintiff was bound to complete his term to entitle him to the wages. He was allowed an additional month's wages, up to the 19th October, 1835; and had judgment for one hundred dollars, from which he appealed.

It appears to us that the District Court erred. The Louisiana Code, article 2720, provides, that "if, without any serious ground of complaint, a man should send away a laborer, whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salary which he would have been entitled to receive, had the full term of his services arrived." The plaintiff, in this case, was discharged because the defendants "had no longer any use for his services." They thereby put an end to their contract with him, and he was at liberty to look for employment elsewhere. His claim on them was for the salary agreed upon for one year. The president of the company had not the right to impose on him, one month afterwards, the obligation of returning to the service of the defendants, and laboring for them until the end of the year, as a condition *sine qua non* to his receiving what he was then entitled to under the code. His right to his full salary accrued as soon as he was discharged.

*Where an engineer of a Cotton Press was employed by the year, at a fixed salary, and was discharged before the end of the year, without any other cause than that his services were no longer required by the company, it was held that he is entitled to recover his salary for the whole term.*

*The engineer was entitled to recover his full salary as soon as he was discharged ; and no condition could be afterwards imposed by his employer, to return and perform his service for the remainder of the year.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; and it is further ordered and decreed, that the plaintiff recover from the defendants the sum of five hundred and sixteen dollars, and sixty-six cents, with costs in both courts.