## WILLIAM SHEA *v.* JOSEPH SCHLATRE.

Where a laborer hired for a certain time, is discharged by his employer before the time for which he was engaged has expired, without any serious ground of complaint, he will be entitled, under art. 2720 of the Civil Code, to the whole amount of wages he might have claimed had the full term of his service arrived. This right accrues as soon as he is discharged ; and the fact that he engaged his services immediately after to another employer, for the remainder of the term, cannot affect his right to recover the full amount from his first employer. But art. 2720 speaks only of the wages due to the laborer, and should not be extended to any thing else, as to an allowance for board, lodging, &c.

APPEAL from the District Court of Iberville, *Nicholls*, J.

*Labauve*, for the appellant. No counsel appeared for the appellee.

MORPHY, J. The petitioner represents that some time in April, 1839, an agreement was entered into between him and his servant Frances, a free person of color, under his care and protection, and the defendant, Joseph Schlatre. That by this agreement, his ser-

vices were engaged for one year to the defendant to give his atten-
tion, care, and industry in and concerning a warehouse at the
Indian village on bayou Plaquemine, for the sum and price of six
hundred dollars; and that the services of Frances were also en-
gaged to the defendant for one year to manage and carry on a
tavern or boarding house, at the same place, for one hundred dol-
lars. That the petitioner and Frances were to be found with
boarding, lodging, and washing, by the defendant during the year,
as well as with the necessary servants. That the petitioner and
Frances entered into the employment of Joseph Schlatre, under
their aforesaid agreement, about the 15th of May following, and
continued in his employment, performing both of them their duties
most faithfully, until the 22d of July of the same year, when with-
out any good and legal cause the said Schlatre peremptorily dis-
charged the petitioner and Frances from his service. The petitioner
avers that his board, lodging. and washing were worth one hundred
and fifty dollars for the balance of the year, from the time of his
discharge, and that for value received the said Frances has trans-
ferred to him her claim against defendant, amounting to two hundred
and fifty dollars, thus entitling the petitioner to one thousand dol-
lars, for which he prays judgment. The answer admits the agree-
ment relied on by the petitioner and Frances, but sets forth a series
of grievances and causes of complaint which, it is alleged, justified
their dismissal. As the facts therein stated have not been supported
on the trial by a tittle of evidence, it is deemed unnecessary to men-
tion them. There was a judgment below in favor of the plaintiff
for two hundred and forty-one dollars, with which being dissatisfied,
he appealed.

The evidence shows that sometime after the plaintiff had removed
from the defendant's house, he was engaged at the same place and
in the same capacity by F. N. Bissel, at the rate of sixty dollars
per month, and that he continued for more than one year in his
employment. The district judge was of opinion, that by reason of
this circumstance the plaintiff was not entitled to the full wages se-
cured by article 2720 of the Civ. Code to the laborer who, being
hired by the year, is sent away by his employer before the end of
his term, without any serious ground of complaint. It appears to
us that the judge erred. In this case, the defendant informed the

plaintiff in writing, that ' his services were no longer required, and that he was to consider himself out of his employment from the 22d of July, 1839.' This put an end to the contract between them, and plaintiff's claim, under the above mentioned article of the Code, was for the salary agreed on for the whole year. This right accrued to him as soon as he was discharged. 15 La., 360. The employment which he found elsewhere, could not affect this vested right.

As to the claim for the board, lodging and washing, which were to be furnished by the defendant during the engagement, we do not think that it should be allowed. The article 2720 speaks only of the wages agreed on, and should not be extended to any thing else.

It is therefore ordered, that the judgment of the district court be annulled, and that ours be for the plaintiff for the sum of seven hundred dollars, with costs in both courts.