No. 3065.

GEORGE W. HUNTER v. THE SUN MUTUAL INSURANCE COMPANY, OF NEW ORLEANS.

The officer of a company must be presumed to know its by-laws adopted before his appointment, and is bound by them as to his tenure of office. They have become the law between himself and his employers. By one of their by-laws the defendants had reserved the right to remove their officers at pleasure. Plaintiff is an officer in the sense of the said by-law, and therefore can not complain.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. Race, Foster & Merrick* and *E. N. Whittemore,* for plaintiff and appellee. *J. A. Maybin, Leovy & Monroe,* for defendant and appellant.

MORGAN, J.   Petitioner alleges that on the first December, 1868, he was employed as premium ledger book keeper by the defendants; that in February, 1869, the time fixed by the charter of the company for the election of the officers for the ensuing twelve months, he was engaged for one year at a salary of $2500 per annum; that he served the company during all that year, and up to the first Monday in February, 1870, when he was re-engaged for another year, and that, without any cause, he was on the first April, 1870, dismissed.   He sued for his salary for the balance of the year, and had judgment.

The ninth article of the by-laws of the company provides that "the tenure of all the officers of this corporation shall be during the pleasure of a majority of the board of directors, and at the first meeting of each new board an election shall be held for all officers of the company."

These by-laws were passed at least as early as the year 1866, before the plaintiff was employed by the defendants, and he must be presumed to have known them.   We consider him to be an officer in the sense of the by-laws.   He therefore knew the precarious tenure by which he held his position.   The directors had the right to remove him at their pleasure, and having done so he has no claim against the company.   It is admitted that he discharged his duties faithfully, and several witnesses, some in the employ of the defendants, say that when continued at the commencement of the year they consider themselves employed for the whole year.   But other witnesses testify the other way.   Under these circumstances we can not say that the plaintiff has established the evidence of any custom which would entitle him to be paid as he claims to be, and if he had we do not see how he could claim the benefit of it in the face of the article of the by-laws which we have quoted, and which is the law between himself and the defendants.

It is therefore ordered, adjudged and decreed that the judgment of the district court be avoided, annulled and reversed, and that there be judgment in favor of the defendants, with costs in both courts.

WYLY, J., *dissenting.*

Rehearing refused.