WILLIAM C. COWPER, APPELLANT, *v.* THOMAS THEALL. AND HARRY WILLIAMS, RESPONDENTS.

*An action cannot be brought by one person to restrain another from instituting legal proceedings against him — when an action will lie to compel the cancellation of an agreement broken by the defendants.*

The complaint alleged the making of an agreement between the parties by which the defendants were authorized to produce and perform a dramatic composition of the plaintiff, they agreeing to produce and present the play and make the necessary disbursements, not to exceed $2,000, and to employ the plaintiff in the principal role, the net profits to be divided equally between them.   The complaint further alleged that the defendants refused to fulfill their obligations under the agreement, and instances were given where, in consequence of such failure, the performance of the play proved to be unattractive and unremunerative; that after such failure the plaintiff rewrote the play under another name and was about to produce it at another theatre in the city of New York, and that he was apprehensive that the defendants would enjoin him from producing it, and prayed for an injunction restraining them from so doing.

*Held*, that although the action could not be maintained to restrain the defendants from taking such legal proceedings, yet the facts stated in the complaint showed a breach of the contract on the part of the defendants which authorized the plaintiff to maintain an action to have the same canceled and annulled, and that it was error to sustain a demurrer interposed to the complaint.

APPEAL from an interlocutory judgment sustaining a demurrer interposed to the complaint.

*M. L. Marks*, for the appellant.

*H. B. Kinghorn*, for the respondents.

DANIELS, J.:

The complaint set forth the making of an agreement between the parties, by which the defendants were authorized to produce and perform a dramatic composition of the plaintiff, entitled " Her Last Hope." That agreement is annexed to the complaint and forms a part of it. By its stipulations the right to produce and present the play was secured to the defendants. They undertook to make the disbursements necessary for that purpose not exceeding the sum of two thousand dollars ($2,000), and to employ the plaintiff in the principal role of one of the characters of the play. And out of the net profits resulting from the performance, the plaintiff, it was agreed, should receive fifty per cent and the defendants the same amount. They also agreed faithfully to fulfill on their part all the duties and obligations arising under the contract to the best of their ability, and to do and perform all things requisite for a faithful performance thereof. The complaint alleges the failure of the defendants to fulfill their obligations under the agreement, and instances are repeated where, in consequence of such failure, the performance of the play proved to be unattractive and unremunerative. The complaint also contains the allegations that the plaintiff, after such failure to observe and fulfill the obligations of the agreement on the part of the defendants, rewrote the play and gave it the name of " Black Mail," and was about to produce it at the Union Square Theatre, in the city of New York, and that he was apprehensive that the defendants would restrain and enjoin that production. These facts are admitted by the demurrer. But it does not follow from them that the plaintiff was entitled to an injunction restraining the defendants from taking legal proceedings to prevent.

the performance of the play at the Union Square Theatre. That practice, as it is stated in the opinion of the judge presiding at the trial, would be irregular and unsustained by any authority. The law will not permit a person to maintain an action to prevent the taking of legal proceedings of this description. This subject has recently been fully considered by this court in the case of *Hayward* v. *Hood* (39 Hun, 596), where it was held that an injunction will not be permitted to be issued to restrain proceedings in another litigation in which full relief can be secured to the party by way of defense. This case so far is within the principle of that authority, and the action cannot be maintained for that purpose.

But from the allegations contained in the complaint, and admitted by the demurrer, it is clear that the defendants have substantially failed to perform the agreement made by them for bringing out this play. And by reason of that failure they have placed the plaintiff in a situation in which he is entitled to rescind the agreement. For it is "the legal right of every contracting party to hold himself absolved from his obligation when the other contracting party has failed to keep some condition precedent which he is bound to perform." (*Higgins* v. *Del., L. and W. R. R. Co.*, 60 N. Y., 553–557.) And where, by reason of the misconduct of the defendants, they have failed to perform the agreement entered into, as they have according to the admitted allegations of the complaint in this case, an action may be maintained to rescind and cancel the agreement itself. (*McHenry* v. *Hazard*, 45 N. Y., 580.)

The equitable principle upon which this jurisdiction is founded is: "If an instrument ought not to be used or enforced it is against conscience for the party holding it to retain it, since he can only retain it for some sinister purpose." * * * "If it is a mere written agreement, solemn or otherwise, still while it exists it is always liable to be applied to improper purposes; and it may be vexatiously litigated at a distance of time when the proper evidence to repel the claim may have been lost or obscured, or when the other party may be disabled from contesting its validity with as much ability and force as he can contest it at the present moment." (2 Story's Eq. Jur. [5th ed.], § 700.)

The case, as it has been disclosed by the plaintiff, is within this equitable principle. The defendants, by their misconduct, have

forfeited their right to produce or perform the play. They have violated the obligations upon which that right has been made to rest, and having failed in this manner to perform the agreement, the plaintiff is entitled to rescind it, and to have it terminated by an action of this description. For that reason, upon this state of facts, the defendants could be enjoined from performing, producing or exhibiting the play. They had forfeited their right to do so by their repeated failure to perform the terms and obligations of the agreement. To this extent the complaint does disclose a cause of action, although it does not as to the other relief demanded in it. For this purpose the action may very well be sustained, as the facts are, by the demurrer, conceded to be.

The judgment should be reversed and a judgment entered overruling the demurrer, with costs, and with leave to the defendants to answer upon payment of the costs of the demurrer and the costs and disbursements of the appeal.

Brady, J., concurred.

Judgment reversed; judgment ordered as directed in opinion.