**157 So. 393**

## CLOVERLAND DAIRY PRODUCTS CO., Inc., v. GRACE.

### No. 31915.

Oct. 29, 1934.

St. Clair Adams, Sr., and St. Clair Adams, Jr., both of New Orleans, for appellant.

Joseph A. Casse, of New Orleans, for appellee.

BRUNOT, Justice.

This is an appeal from a judgment maintaining an exception of no cause of action and dismissing the suit at the plaintiff's cost.

The suit is based upon a contract of employment, the pertinent provision of which is as follows:

"Said second party further expressly agrees and covenants, which agreement and covenant is hereby declared to be of the essence of this contract, that at no time during the term of his said employment or for a period of twelve months next immediately following the termination of his employment by said first party, or upon his quitting his said employment, will he, for himself, or upon behalf of any other person, persons, partnership or corporation, solicit, canvass or sell ice cream, milk or dairy products to any customer of said first party canvassed or solicited by him at any time during his employment hereunder; nor will he in any way, directly or indirectly, for himself or on behalf of or in connection with any other person, partnership or corporation, solicit, canvass, divert or take away, or attempt to solicit, canvass, divert or take away, any of such customers of said first party, during the aforesaid time, and that, upon the termination of his employment, either at the request of said first party or upon his voluntary res-

ignation, he will immediately surrender and give up to said first party all books, papers and other data pertaining to said business or the customers and patrons of said first party, together with a complete, true and correct list of all customers in his possession, and that he will not disclose or divulge, directly or indirectly, to any other person, partnership or corporation the names or addresses of said customers."

The record discloses that about four months after the defendant's employment under the contract had terminated, this suit was filed.

The plaintiff alleges that the defendant breached the contract by soliciting business of the character set forth therein, for a concern known as the Carnahan Creamery, and it prayed for an order temporarily restraining him from doing so and, in due course, for a preliminary injunction, and finally for a judgment perpetuating the preliminary injunction. The petition was excepted to with the result stated in the first paragraph of this opinion.

The pivotal point in the case is whether or not the contract sued upon is void for lack of mutuality. Articles 2024 and 2034 of the Civil Code are as follows:

"Art. 2024. The Potestative Condition is that which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder.

"Art. 2034. * * * Every obligation is null, that has been contracted, on a potesta-

tive condition, on the part of him who binds himself."

A mere reading of the clause of the contract quoted supra discloses that it is void for lack of mutuality.

In the case of Blanchard v. Haber, 166 La. 1014, 118 So. 117, 119, this court considered an agreement containing a provision strikingly similar to the condition imposed by the contract sued upon in this case, and it said:

"It is well settled that an instrument purporting to represent a continuing contract which only one of the parties is bound to carry out, for which he has received no price or consideration, and for which the other party has incurred no obligation, is not a valid contract."

In support of its conclusion in the Blanchard-Haber Case, the court cited the following authorities: Campbell v. Lambert, 36 La. Ann. 35, 51 Am. Rep. 1; Murray v. Barnhart, 117 La. 1023, 42 So. 489; Blackshear v. Hood, 120 La. 966, 45 So. 957; Caddo Oil & Mining Co. v. Producers' Oil Co., 134 La. 711, 64 So. 684; Nelson v. Barber, 143 La. 783, 79 So. 403, 405; Kennon v. Brooks-Scanlon Co., 148 La. 120, 86 So. 675; Heeb v. Codifer & Bonnabel, 162 La. 139, 110 So. 178.

In view of our finding that the contract sued upon is void for lack of mutuality, the exception of no cause of action filed by the defendant in this case was properly maintained.

For the reasons stated, the judgment appealed from is affirmed at appellant's cost.