197 So. 241

HILL v. AMERICAN CO-OPERATIVE ASS'N.

No. 35545.

March 4, 1940.

On Rehearing June 28, 1940.

Lemle, Moreno & Lemle, of New Orleans, for appellant.

Dart & Dart and Louis C. Guidry, all of New Orleans, for appellee.

PONDER, Justice.

This is an appeal from a judgment on a purported contract of employment.

The plaintiff, D. G. Hill, Jr., instituted this suit against the American Cotton Cooperative Association seeking to recover the sum of $5,611.15 and legal interest which he claims is due him as the balance due on a contract of employment between the defendant Association and the plaintiff. In his petition the plaintiff alleges that the defendant Association is a Delaware corporation doing business in the State of Louisiana; that the defendant is indebted unto the plaintiff in the sum of $5,611.15, together with legal interest from April 22, 1938; that for many years the plaintiff has served as comptroller of the defendant corporation, having been annually elected by the board of directors of the corporation at an annual salary of $10,000; that by resolution of the board of directors of May 23, 1937 he was elected comptroller for the ensuing year at an annual salary of $10,000; that his election by the board of directors constituted a contract between the parties under which plaintiff was to perform the duties of comptroller for the year beginning April

22, 1937, at an annual salary of $10,000; that he was summarily dismissed without cause on June 30, 1937, while performing the duties of comptroller; that he protested the dismissal and offered to continue his services which was rejected by the defendant; that he received on account of his annual salary the sum of $4,388.85 and there is now due him the sum of $5,611.15. In his prayer the plaintiff asked for judgment for $5,611.15 and legal interest from April 22, 1938. The defendant in its answer denies being indebted to the plaintiff and avers that the plaintiff was employed as comptroller at a salary on the basis of $10,000 per year but not employed by the year so that the defendant had the right to dismiss the plaintiff at any time. The defendant denied that the plaintiff was summarily dismissed without cause and averred that the defendant exercised its right to terminate the services of the plaintiff. The defendant asked that plaintiff's suit be dismissed. The plaintiff in a supplemental petition alleges that he was elected comptroller by the board of directors on April 23, 1937, for the ensuing year at an annual salary of $10,000 as should appear by the minutes of the corporation. The plaintiff alleges that he did not have access to the minutes of the corporation at the time this suit was filed but if the minutes failed to show that the plaintiff was elected for the ensuing year then the minutes do not correctly set forth the action taken by the board of directors and the election of the plaintiff as comptroller for the ensuing year is correctly set forth in a circular letter issued by the secretary of the corporation of date May 21, 1937, wherein it is stated that the plaintiff was elected for the ensuing year. The plaintiff alleged that if the minutes of the board of directors do not correctly set forth the contract the error in the minutes is not the fault of the plaintiff. Upon trial of the case the lower court rendered judgment in favor of the plaintiff as prayed for and the defendant has appealed.

The minutes of the board of directors show that the plaintiff was elected comptroller on May 16, 1935, for the ensuing year. The minutes show that the plaintiff was elected on April 23, 1936, comptroller for the ensuing year. The minutes of April 23, 1937, with reference to the employment of the plaintiff as comptroller states: "D. G. Hill, Jr., was nominated for the office of Comptroller. There being no other nominations, upon motion duly made, seconded, and unanimously carried, D. G. Hill, Jr., was elected Comptroller of the Association and was declared duly elected to said office." The notice under date of May 21, 1937, sent out by the secretary of the defendant corporation to various associations affiliated with the defendant corporation notifying them of the election of the officers stated to the effect that the plaintiff was one of the officers elected for the ensuing year. It is provided in the by-laws of the defendant corporation that the board of directors shall elect the president, vice-presidents, secretary and treasurer who shall hold their offices until the next annual meeting of the stockholders. It is provided that the general manager, comptroller and legal counsel shall be appointed by the board of

directors to serve during the pleasure of the board. The by-laws of the corporation authorize the board of directors to make, alter and change the by-laws by majority vote of the directors. The by-laws authorize the board of directors to elect all the officers of the Association, to employ all employees and to fix the compensation of the officers and employees. The testimony of Mr. E. F. Creedmore, vice-president and general manager of the corporation, is to the effect that it was his understanding that the plaintiff was elected for the ensuing year. Mr. Creedmore stated that he was elected for the ensuing year and that Mr. Hill was likewise elected at the same time for the same period of time. The plaintiff testified that he had been working for the corporation for a number of years and was elected assistant treasurer in 1930 at a salary of $10,000 per year and was elected comptroller in 1935 for a year and 1936 for a year at a salary of $10,000 per year. The plaintiff testified that he had been working for this corporation since 1921 and was elected every year for a term of a year to an office in the corporation until the date of his dismissal.

The plaintiff contends that the sole issue presented is whether or not the defendant entered into a contract for the period of a year with the plaintiff. The plaintiff takes the position that under the facts and circumstances in this case the contract of employment was for the period of one year and the defendant did not have the right to terminate it without being liable for the balance due the plaintiff under the contract.

From the evidence in this case the vice-president and general manager of the corporation, the secretary of the corporation and the plaintiff all interpreted the contract to be for the period of one year. This interpretation placed on the contract is corroborated by the fact that the salary of the plaintiff was $10,000 per year. In other words, the salary of the plaintiff was not based on an amount for each month but on a yearly basis. This interpretation of the contract is further corroborated by the fact that for a number of years previous to the one involved in this suit the plaintiff was employed by this corporation by the year. The board of directors were invested with the authority to change the by-laws of the corporation. The evidence shows the board of directors had for a number of years employed the plaintiff on a yearly basis. The by-laws in question are mere rules of conduct which could be set aside at any time by the board of directors by the provisions therein as it was imposed on the defendant corporation for its own benefit and convenience and the board of directors would clearly have the power to disregard its own rules. Martino v. Commerce Fire Insurance Company, 47 N.Y.Super.Ct. 520. From the circumstances and facts in this case the contract of employment was undoubtedly for the period of one year. Since the contract was for the period of one year the defendant corporation is liable for the balance due on the contract. Dart's Statute, Section 1115 and 1109, Act No. 250 of 1928, §§ 35, 29; Fletcher, Cyc. on Corporations, Section 1814; Daspit v. D. H. Holmes Co., Ltd., 120 La. 86, 44 So.

993; Russell v. White Oil Corporation, 162 La. 9, 110 So. 70.

The defendant contends that the resolution of the board of directors employing the plaintiff provided no definite term of employment, which remains without successful impeachment, and in the absence of a definite term the contract is terminable at the will of either party. We have already determined the plaintiff was employed for the period of one year. Counsel for the defendant cites in support of his contention the case of Russell v. White Oil Corporation, 162 La. 9, 110 So. 70. The case is not applicable because the employment involved therein was not for a definite period of time.

The counsel for the defendant contends that under the by-laws of the corporation even had it so desired the board of directors could not have made a contract with the comptroller employing him for a stipulated time but the board of directors had to make such contract of employment subject to the termination of employment at the pleasure of the board of directors. Counsel cites in support of this contention Hunter v. Sun Mutual Insurance Company of New Orleans, 26 La.Ann. 13; Fowler v. Great Southern Telephone & Telegraph Company, 104 La. 751, 29 So. 271. The cited cases are not pertinent because in those cases the board of directors did not have authority to alter the by-laws which were adopted by the stockholders.

Counsel for the defendant contends that even if the facts show that the board of directors purported to employ the plaintiff for one year and the board had the power er to make the contract, that such contract would be a nudum pactum and not enforceable because there is no evidence to show the plaintiff bound himself to work for the defendant for one year. In support of this contention the counsel cites Pitcher v. United Oil & Gas Syndicate, 174 La. 66, 139 So. 760; Cloverland Dairy Products, Inc. v. Grace, 180 La. 694, 157 So. 393, and United Carbon Company v. Interstate Natural Gas, Inc., 176 La. 929, 147 So. 37. In the case of Pitcher v. United Gas & Oil Syndicate, supra, the employment was for an indefinite period and it could be terminated at the will of either party. The case of Cloverland Dairy Products Co., Inc. v. Grace, supra, involves a continuing contract for an indefinite period of time. In the case of United Carbon Company v. Interstate Natural Gas Company, Inc., supra, no contract of employment is involved.

In the case of Dunbar v. New Orleans Metal Bed Company, 145 La. 779, 82 So. 889, 892, it is stated: "According to the Civil Code, and numerous decisions of this court interpreting it, if a laborer (or clerk), hired for a certain time, be sent away, without any serious ground of complaint, before the time has expired, he is entitled to recover the whole of the 'salaries' that he would have received, had the full term of his service arrived. C. C. art. 2749. The right of action for the entire amount called for by the contract arises immediately, and the employer by whom he is discharged has no power, as a condition precedent to paying him, thereafter to require that he work out the term for which he was employed. Sherburne

v. Orleans Cotton Press, 15 La. 360. Nor is his right of recovery under his first employment affected by the fact that he engages his services for the unexpired term to another employer. Shea v. Schlatre, 1 Rob. 319. Nor is it necessary that he should tender his services to the employer by whom he was discharged, or put him in default, since the whole amount of the salary called for by his contract becomes due and exigible upon and by reason of his discharge. Tete v. Lanaux, Ex'r, 45 La.Ann. 1343, 14 So. 241; Curtis v. Lehmann & Co., 115 La. 40, 38 So. 887; Daspit v. D. H. Holmes Co. 120 La. [86] 92, 44 So. 993; Camp v. Baldwin-Melville Co., 123 La. [257] 258, 48 So. 927."

For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.

On Rehearing.

FOURNET, Justice.

This is a suit by an officer of a corporation to recover salary due him under a contract of employment for a fixed term, on the ground that he was removed without cause prior to the termination of the contract.

The defense is (1) that the employment was not for a fixed term; (2) that if it was, it was ultra vires the by-laws of the corporation providing that plaintiff's employment was at the pleasure of the board of directors; and (3) that if we find that in accordance with the agreement he was employed for a fixed term and the board of directors did not have the power to terminate the same, the contract is a nudum pactum.

The matter is now before us for reconsideration of our original decree affirming the judgment of the lower court in favor of the plaintiff.

Plaintiff, David G. Hill, Jr., had been in the employ of the defendant corporation, the American Cotton Co-operative Association, from the time of its organization in 1921 in various capacities at a salary of $10,000 a year until June 30, 1937, when the office to which he had been elected (comptroller) for the fiscal year 1937–1938 was abolished and his services summarily dispensed with without cause, due to an economy in the management of the affairs of the association.

On the trial of the case plaintiff testified that his employment had been by the year, he having been elected from year to year *for the ensuing year*. But when he sought to introduce evidence to establish the fact that he had been likewise employed for the fiscal year 1937–1938, irrespective of the fact that the minutes did not specifically so state as had been done in previous years, counsel for defendant objected to such evidence on the ground that it was immaterial and irrelevant, and stated: "We admit that the minutes will show that Mr. Hill was elected for comptroller for a year." (Tr. p. 19). Again we find at page 20 of the transcript the statement of defendant's counsel that "There isn't any question that the minutes show, and Mr. Dart [plaintiff's attorney] knows it, that Mr. Hill was elected as comptroller for a year." On this point the trial judge commented as follows: "His [plaintiff's] argument is that he was elected for a year

and discharged without cause and that is admitted, admitted by your [defendant's] witness. You [defendant] claim that as a legal right you had a right to discharge him * * *." (Brackets ours.) Furthermore, our appreciation of the testimony leaves no doubt as to the correctness of our original opinion on this point.

■ The question that arises, then, is whether or not the action of the board in electing the plaintiff for one year was ultra vires in that the corporation's by-laws provide that "The board of directors shall elect * * * a comptroller to serve during the pleasure of the board. * * *"

It is defendant's contention that since the plaintiff was elected comptroller subject to the provisions of the by-laws, he was, consequently, subject to dismissal at the pleasure of the board of directors. In support of this contention counsel rely on the cases of Hunter v. Sun Mutual Insurance Company of New Orleans, 26 La.Ann. 13, and Fowler v. Great Southern Telephone & Telegraph Company, 104 La. 751, 29 So. 271, 272.

In disposing of that issue when the case was originally before us, we said: "The cited cases are not pertinent because in those cases the Board of Directors did not have authority to alter the by-laws which were adopted by the stockholders."

Counsel for defendant in his brief on rehearing, still maintaining his original position that "the two cases * * * are clearly and wholly determinative of the issues here," severely criticized that part of our opinion and issued the following challenge: "If Your Honors can point to a single sentence in the record, or to anything in the jurisprudence of this State [supporting the above statement], then we confess that the criticism of the decision is baseless." (Brackets ours.)

While there is no specific statement in the Hunter case that the board of directors was without authority to alter the by-laws which were adopted by the stockholders, counsel for defendant evidently failed to read the case of Fowler v. Great Southern Telephone and Telegraph Company, supra (in which the Hunter case is cited with approval on another point), wherein it is stated: "The by-laws of the company were framed and adopted by its stockholders. After adoption by the stockholders they may be altered or amended at any annual meeting of the stockholders by a majority vote of those represented, or at any legal meeting duly called for that purpose. This is the declaration of the by-laws themselves. *There is no authority in the board of directors to adopt by-laws, nor to change, amend, or modify those adopted by the shareholders.* * * *" In that case the court found as a fact that there was nothing in the record to show "plaintiff was ever employed specifically by the year." Continuing, the court said: "* * * but, if he were, there was no power in the board of directors to so employ him, and he knew it * * *."

In disposing of a question similar to the one raised here, the United States Circuit Court of Appeals for the Third Circuit, affirming the decision of the district court in the case of Realty Acceptance Corporation v. Montgomery, reported in 51 F.2d

636, 639, after analyzing the pertinent authorities, held *"that the contract made by the defendant [corporation] pursuant to the express authority of its board of directors, which had express power to amend at will the by-laws of the defendant, modified, in its legal effect, all inconsistent by-laws and prevails over them.* See Machem on Corporations, § 728." (Italics and brackets ours.)

In the Realty case, in disposing of defendant's contention that "where a board of directors has power to remove officers at its pleasure, a contract for a definite period is ultra vires and void," the court said, with reference to the cases cited in support of such contention: "None of these cases holds, either directly or by analogy, that a by-law, subject to amendment by a majority of the board, nullifies a contract expressly authorized by the board." The court further demonstrated that the majority of the cases cited were controlled by statute and, with respect to the cases of Fowler v. Great Southern Telephone Company, supra, and Hunter v. Sun Mutual Insurance Company, supra, commented as follows: " * * * *in the Louisiana cases the boards of directors, by whom the plaintiffs were elected, were without power to amend the by-laws made by the stockholders, providing for tenure of office during the pleasure of the board."* (Italics ours.)

Fletcher in Section 4200 of the Permanent Edition of his work on Corporations says: *"When the board of directors has power to adopt by-laws, it has power to waive those adopted, unless the right of waiver is authoritatively limited, as by the statute, charter, or certificate of incorpora-* tion * * *." Continuing, the author states: " * * * but when the power to make by-laws is vested in the stockholders or members, and they have made by-laws for the protection of the corporation, they cannot be waived by the directors or other officers of the corporation." (Italics ours.) See, also, 18 Corpus Juris Secundum, Corporations, §§ 182 and 188, pp. 593 and 599; 2 Thompson on Corporations, 3d Ed., 1157 and 1158; 13 American Jurisprudence 165, p. 292; Sections 503 and 2121, Fletcher on Corporations; Farmers' State Bank v. Haun, 30 Wyo. 322, 222 P. 45; Bank of Holly Springs v. Pinson, 58 Miss. 421, 38 Am.Rep. 330; In re Paramount Publix Corporation, 2 Cir., 90 F.2d 441, 111 A.L. R. 889; Stott v. Stott Realty Co., 246 Mich. 267, 224 N.W. 623, 63 A.L.R. 774; Martino v. Commerce Fire Insurance Company, 47 N.Y.Super.Ct. 520; Reiss v. Usona Shirt Co., 174 App.Div. 181, 159 N.Y.S. 1031; and Cuppy v. Stollwerck Bros., 216 N.Y. 591, 111 N.E. 249.

The Appellate Court of Indiana in a recent case, citing the above section from Mr. Fletcher's work, said: "Since the board of directors have power to adopt the by-laws they, of necessity, have the power to waive the by-laws, unless this right is restricted by statute." State ex rel. Guaranty Building & Loan Company v. Wiley, 100 Ind.App. 438, 196 N.E. 153, 154.

Act No. 250 of 1928 declares that "Any officer or agent may be removed by the board of directors whenever in its judgment the best interests of the corporation will be served thereby; such removal, however, shall be without prejudice to the contract rights of the person so removed."

Section 35, subsection IV. The act also provides that "if the articles [of incorporation] so provide, the board of directors may make and alter by-laws, subject to the power of the shareholders to change or repeal the by-laws so made * * *". Section 29, subsection I. (Brackets ours.)

Under the express authority of defendant's charter its board of directors was given the power "to make, alter, and change * * * the by-laws of this association" and our opinion, therefore, is that the board of directors of the association, by its action of April 23, 1937, electing the plaintiff to the office of comptroller for a period of a year at a yearly salary of $10,-000, thereby abrogated the by-laws to that extent.

■ We now pass to the next contention urged by the defendant, that is, that the contract in controversy is a nudum pactum "because the plaintiff did not obligate himself to render his services for any definite period of time."

Of course, when the plaintiff, Hill, after his election for one year, entered upon the services of his office, he thereby accepted the contract of employment for a year, and, according to the provisions of Article 2750 of the Revised Civil Code and the jurisprudence thereunder, if he had left this employment during that period without cause, he would not only have forfeited the salary due him during the remainder of the period but could, also, have been compelled to return to the corporation all of the money that had been paid him under the contract. See Shoemaker v. Bryan, 12 La.Ann. 697; Young v. United States Mortgage & Trust Company, 214 N.Y. 279, 108 N.E. 418; and 19 Corpus Juris Secundum Corporations, § 727, p. 64.

However, in support of defendant's contention, counsel rely now, as they did when the case was before us originally, on the cases of Pitcher v. United Oil & Gas Syndicate, 174 La. 66, 139 So. 760; United Carbon Company v. Interstate Natural Gas Company, Inc., 176 La. 929, 147 So. 37; and Cloverland Dairy Products, Inc. v. Grace, 180 La. 694, 157 So. 393.

In our original opinion we, in effect, held that these cases are not applicable here. A mere reading of them will demonstrate the correctness of our original opinion in this respect.

In the Pitcher case [174 La. 66, 139 So. 761] the contention of the defendant was "that the contract was for an indefinite period and therefore terminable at the will of either party" and the court said: "It is not disputed that if the contract, as above written, was only for an indefinite and *not for some fixed or readily ascertainable period,* then it might be terminated at the will of either party," concluding that, in their opinion, "the contract was for an indefinite period."

In the case of Cloverland Dairy Products Company, Inc. v. Grace, supra, the court said: "The pivotal point in the case is whether or not the contract sued upon is void for lack of mutuality," and, after analyzing the pertinent authorities, concluded: "In view of our finding that the contract sued upon is void for lack of mutuality, the exception of no cause of ac-

tion filed by the defendant in this case was properly maintained."

The case of United Carbon Company v. Interstate Natural Gas Company, supra, involved a contract relating to the purchase of gas, and not a contract of employment. In disposing of the issues raised the court recognized the well-established rule of law that "Where one party to a contract only is bound it is a nudum pactum." [176 La. 929, 147 So. 40.]

Having concluded that the plaintiff was prematurely discharged without cause, although he had been legally employed by the board of directors of the defendant corporation for a period of a year at a yearly salary of $10,000, of which amount he has been paid the sum of $4,388.85, and the defendant's counsel having conceded in his brief that under our law "where one is employed for a period of a year and is improperly discharged * * * he is * * * entitled to his salary for the unexpired period of his employment" (See Sherburne v. Orleans Cotton Press, 15 La. 360; Shea v. Schlatre, 1 Rob. 319; Tete v. Lanaux, Ex'r., 45 La.Ann. 1343, 14 So. 241; Curtis v. Lehmann & Company, 115 La. 40, 38 So. 887; Daspit v. D. H. Holmes Company, 120 La. 86, 44 So. 993; Camp v. Baldwin-Melville Company, 123 La. 257, 258, 48 So. 927; and Dunbar v. Orleans Metal Bed Company, 145 La. 779, 82 So. 889) it is our opinion that our original decree affirming the judgment of the lower court in favor of the plaintiff is correct.

For the reasons assigned, our original decree is reinstated and made the final judgment of this court.