McCALEB, Justice.
 

 Plaintiff is appealing from a judgment dismissing its suit on an exception of no cause of action. The controversy grows out of a contract dated April 1st 1950 wherein defendant, Joseph T. Draper, was employed as Branch Manager of the Rexair Division of plaintiff corporation (which is engaged in the sale and distribution of air conditioners and humidifiers) at a guaranteed monthly salary plus stipulated commissions and other emoluments. The contract of hiring was for an indefinite period, it being provided that either party might end it at any time upon 10 days written notice and defendant specially covenanted that, at the termination of the agreement, he would, among other things, deliver to the company all books and papers belonging to it; that he would refrain from using the name “Rexair” for any purpose not specifically authorized by plaintiff and that he would not,
 

 “ * * * prior to the termination hereof, or for a period of two (2) years after the termination hereof, disturb, hire, entice away, or in any other manner persuade any employee or dealer of the Company to discontinue his relation to the Company as an employee or dealer, as the case may be”.
 

 The petition sets forth in substance that, on December 7th 1950, Draper notified plaintiff that he was discontinuing his employment as of December 31st 1950; that the contract was terminated on that date; that, prior thereto and thereafter, defendant violated the agreement in that he enticed and persuaded, by various methods, employees and dealers of plaintiff to discontinue their relation with it and become engaged as employees and dealers in a business, known as “New Orleans Fire Detection Service”, organized by defendant for the sale and distribution of fire detection and alarm apparatus and that, by reason of these acts, it has suffered actual damages totalling the sum of $50,000 (made up of several items set out in detail). In addition, plaintiff seeks recovery of $50,000 as punitive damages
 
 [1]
 
 and an injunction restraining defendant from violating the contractual stipulation.
 

 On this showing, the judge granted a temporary restraining order and ruled defendant to show cause why a preliminary injunction should not issue. On the return day, defendant interposed an exception of no cause of action and, after a hearing on the rule to show cause, the judge sustained this exception, being of the opinion that the provision of the contract which forms the
 
 *682
 
 basis of plaintiff’s complaint is void; that it is a potestative condition and that, therefore, there is “no mutuality of obligations”. In concluding thus, the judge relied on the decisions of Blanchard v. Haber, 166 La. 1014, 118 So. 117; Shreveport Laundries v. Teagle, La.App., 139 So. 563 and Cloverland Dairy Products Co. v. Grace, 180 La. 694, 157 So. 393.
 

 We are not in accord with the ruling. 'The agreement is a valid, bilateral commutative contract under which the defendant, as part of the consideration of his employment by plaintiff and the recompense •to be derived therefrom, promised to desist from “enticing away”, upon the termination of his employment and for two years thereafter, the other employees and dealers in the service of plaintiff.
 

 Article 1901 of the LSA-C.C. declares that agreements legally made have the effect of laws on those who have formed them .and that they must be performed in good faith. This principle is repeated in Article 1945, (dealing with the interpretation of agreements) which states that the courts are bound to give legal effect to contracts according to the true intent of the parties when the words used are explicit and lead to no absurb consequences.
 

 Accordingly, as long as the object of the contract is lawful, it is the duty of the court to enforce it as written. In the case at bar, the stipulation of the defendant -.that he would refrain, after the termination of the contract, from capturing for his own account or for others the employees and dealers of the plaintiff was a perfectly lawful promise based on reasonable grounds and supported - by valuable consideration, i. e., the salary and emoluments to be obtained in the position of Branch Manager. And there is nothing conditional about the promise; it was absolute — defendant agreeing that, upon the occurrence of a certain event — the termination of employment — he would not disturb the other employees of plaintiff. Albeit, it is difficult to discern why the agreement is said to contain a potestative condition.
 

 Article 2021 of the Code defines conditional obligations as those which depend on an uncertain event; if the obligation is not to be effective until the event happens, the condition is suspensive; if the obligation is immediately effective but is likely to be defeated upon occurrence of the event, the condition is resolutory.
 

 A potestative condition is stated by Article 2024 of the LSA-C.C. to be one “ * * * which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder.” Hence, the nature of the condition is such that it depends upon the occurrence of an event, uncertain in that only one party to the contract is given the right, through whim or caprice, to either bring about the event or hinder it; that is why such a condition, which is purely potesta
 
 *684
 
 tive, renders the obligation null as to the obligor.
 
 [2]
 

 Surely, the absolute promise of defendant to desist from interference with plaintiff’s employees and dealers after the termination of his employment bears little resemblance to a potestative condition, as defined by Article 2024 of the LSA-C.C. However, the trial judge was of the opinion that the covenant in the instant suit was on a parity with the one reprobated by this court in Blanchard v. Haber, supra, and he therefore felt bound to sustain the exception on that authority.
 

 In the contracts involved in Blanchard v. Haber, Shreveport Laundries v. Teagle and Cloverland Dairy Products Co. v. Grace, the employees agreed that, upon the termination of their employment, they would not engage in a business in competition with that of their employer, either for themselves or as employees of others, for a specified time. This sort of agreement, which is vastly different in nature from the covenant in the case at bar, has been deemed to be violative of public policy since 1934, when the Legislature, by Act 133, dedared all such agreements to be void.
 
 [3]
 
 However, it is to be noted that the rulings-in Blanchard v. Haber and the other cases, (which were decided before the enactment of Act 133 of 1934), that noncompetitive clauses in employment contracts are void, are predicated on the premise that such stipulations are potestative conditions.
 

 Because of this, a reexamination of the reasoning of Blanchard v. Haber
 
 [4]
 
 is pertinent. There, the plaintiff hired defendant to work as practicing dentist in plaintiff’s dental parlors for,$60 per week. The contract was subject to termination by-either party on 30 days notice and it was-stipulated that, if the agreement was ended for any reason whatsoever, defendant was-obligated not to • practice dentistry within five blocks from plaintiff’s office for 10-years. After performance for a considerable length of time, defendant resigned and set up his own dental establishment in the same block. Plaintiff then sued for an injunction to prevent violation- of the latter-clause of the contract. This court held that, the promise of the defendant was unenforceable because it lacked serious consid
 
 *686
 
 eration and that plaintiff’s obligation under the employment contract was subject to a potestative condition. In concluding that the agreement of defendant not to engage in competitive business was without consideration, the court stated that, as defendant was paid no more than his salary for which he gave his services, he received nothing for the promise. This resolution, we think, was erroneous as it effected a division of the contract into two parts, one valid and the other invalid, and completely overlooked the obvious fact that the promise not to compete with plaintiff was an integral part of the original bargain, without which defendant might not have obtained the position. The other ground that the condition was potestative was likewise on unsound footing. The thought of the court was that, since the plaintiff employer could terminate the employment within .30 days, it was within his power to hinder performance of the obligation. But the flaw in this -view is that the right of termination was mutual, being accorded to both parties; a potestative condition exists only when there is an exclusive right in one party. Indeed, the obligations in an employment contract are reciprocal, i. e., the letting out of services for remuneration; additional covenants or promises by either one or the other party are merely a part of the moving consideration or inducement for making the contract.
 

 The judgment appealed from is, therefore, reversed; the exception of no cause of action is overruled and the case is remanded to the district court for further proceedings in accordance with law and consistent with the views herein expressed. The costs of this appeal are to be paid by defendant.
 

 [1]
 

 . Not allowable under civil law. Gugert v. New Orleans Independent Laundries, La.App., 181 So. 653 and Moore v. Blanchard, 216 La. 253, 43 So.2d 599.
 

 [2]
 

 . See Articles 2034 and 2035 of the LSA-C.C.; Stephen L. Guice & Co. v. Perkowski, La.App., 12 So.2d 692; Morrison v. Mioton, 163 La. 1065, 113 So. 456 and Weingart v. Delgado, 204 La. 752, 16 So.2d 254.
 

 [3]
 

 . This statute has been reenacted, with changes in verbiage, and is now LSA-R.S. 23:921.
 

 [4]
 

 . The decisions in Shreveport Laundries v. Teagle, La.App., 139 So. 563 and Cloverland Dairy Products Co. v. Grace, 180 La. 694, 157 So. 393, follow the rationale of Blanchard v. Haber. Compare Cali v. National Linen Co., 5 Cir., 38 F.2d 35 in which Blanchard v. Haber is distinguished — unconvincingly, we think. See also comments of Mr. Wood Brown of the New Orleans bar, anent these cases in 6 Tulane Law Review, 44-47.