**STANDARD FRUIT and STEAMSHIP COMPANY, Appellant,**

v.

**Jefferson D. HAMPTON, Appellee.**

**No. 15953.**

United States Court of Appeals
Fifth Circuit.

June 5, 1956.

Robert E. Leake, Jr., Ralph L. Kaskell, Jr., Deutsch, Kerrigan & Stiles, New Orleans, La., Eberhard P. Deutsch, Augusto P. Miceli, René H. Himel, Jr., New Orleans, La., of counsel, for appellant.

S. Paul Weiss, Jr., New Orleans, La., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

CAMERON, Circuit Judge.

We have concluded that the Court below, sitting without a jury, committed reversible error in refusing to defer its decision and judgment to enable appellant to take the deposition of a material witness. The facts will be stated, therefore, only insofar as they reflect upon that phase of the case.

Hampton filed suit against Standard Fruit and Steamship Company [1] for $9,-333.34 together with interest and attorneys' fees for balance due on a contract of employment alleged to be for a period of one year beginning October 15, 1952. It was claimed that the employment was for one full year at an annual salary of $10,000 and that payment for one month on that basis had been made. The Court below found in favor of plaintiff and entered judgment for the amount sued for with interest and attorneys' fees. The evidence showed that plaintiff worked only one month, when he received notice of termination of his services, and the amount found and awarded by the Court was based upon Article 2749 of the Louisiana Statutes Annotated—Civil Code.[2]

---

1. Suit was also filed against Standard Fruit and Steamship Corporation but, by appropriate action, the Court below permitted the substitution of the company named in the caption as the sole defendant.

2. "Art. 2749. If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to re-

Standard appeals from that judgment, assigning several errors, including the claim that the findings of the Court below upon which the judgment was based were clearly erroneous; and the claim that one Nelson was a material witness whose testimony or deposition was easily available and that the Court erred in refusing to permit an opportunity for taking his testimony while it had decision of the case under advisement. Inasmuch as the question whether the findings of the Court in favor of plaintiff are clearly erroneous is a close one; and, the Court of Appeal of Louisiana, Second Circuit, having held [3] that "Article 2749 is of a penal nature and should be construed within narrow bounds * * *", we are of the opinion that the proffered testimony was highly important and that opportunity should have been given for its production.

■ Plaintiff's right to recover was predicated upon a conversation had between him and defendant's then president.[4] The only witnesses testifying, both called by the plaintiff, were the plaintiff, himself, and the former president. The evidence given by them was of such an indefinite and imprecise charac-

ter as to be of doubtful sufficiency to satisfy the judicial mind that a case had been established under the rather stringent standards of proof applying to this penal statute. Plaintiff, himself, testified that the president said to him: "You're the new comptroller. Starting for the next year, your salary will be ten thousand dollars. We will raise your salary in the spring. We would do it now but we're trying to keep costs down as you know." [5]

That language does not carry the clear connotation that the employment was for an entire year.[6] Plaintiff repeated much the same language several times and did not improve upon the clarity or definitive character of the words ascribed to the president. The testimony of the former president, introduced as an adverse witness by plaintiff, was equally vague and he refused to state whether plaintiff's employment had been for one year or for an indefinite period. As stated, the minutes, executive directives and other like written documents were accepted by the Court as furnishing circumstantial evidence tending to establish that the directors understood that plaintiff had been employed as comptroller and that they

ceive, had the full term of his services arrived."

Under the decisions of the Louisiana Courts the full amount is collectible regardless of whether the "laborer" has earned amounts at other employment which might wipe out part or all of his loss. Cf. Hill v. American Co-operative Association, 1940, 195 La. 590, 197 So. 241.

3. Aymond v. Haas Investment Co., Inc., June, 1952, 59 So.2d 479, 481.

4. The Court made a number of findings to the effect that the contract was recognized or ratified by the directors, but such ratification could rise no higher than the contract as established by the evidence, and what was said between plaintiff and the president remains of crucial importance.

5. The entire testimony at that point is here reproduced: "Q. When Mr. D'Antoni told you that he had appointed you as Comptroller, what, if anything, was said with reference to a salary and term

of office? A. I don't recall his exact words, but it was for a period of a year at ten thousand dollars a year.

"The Court: Suppose you relate the conversation to the best of your ability; just what transpired?

"The Witness: Well, as you know, Mr. D'Antoni at times has levity in his operations and speech. He called me and told me, he said, 'Well, we have a new comptroller.' He said, 'I don't know when you'll get to meet him but sometime pretty soon.' * * * Mr. Nelson was there. Nelson says, 'Yeah, he is a pretty good guy.' Mr. D'Antoni said, 'Well, George, let's quit kidding him.' He said, 'You're the new comptroller. Starting for the next year, your salary will be ten thousand dollars * * *.'"

"It seems that the Court below was not content to let the witness state his conclusion as to what was meant by what the president said, but required that the president's words be repeated.

6. Cf. United Credit Co. v. Croswell Co., Inc., 1951, 219 La. 993, 54 So.2d 425, 427.

had acquiesced therein and ratified the action of the president in bringing about the employment. But this did not assist in arriving at the true terms of the contract of employment.

It came out for the first time while plaintiff was testifying that Nelson, then an employee of defendant, was present and that he participated in the conversation relied upon as the basis for the agreement sued on. And it is clear that his testimony would be of great importance in establishing the actual words used between plaintiff and the president, as well as in shedding light on the contention made by defendant that plaintiff was then advised that the actual appointment would have to be made by corporate action of the board of directors.

█ It appears without contradiction that defendant had no notice until that moment that Nelson had been a witness to the conversation upon which the suit was based. A sufficient showing was made that defendant and its attorneys had not been guilty of lack of diligence. After the introduction of evidence was concluded, but before the Court had reached or announced its decision, timely application was made for leave to take the deposition of Nelson, who had been located in Detroit by defendant.[7]

We express no opinion on the question whether the findings of the Court below were supported by substantial evidence or were clearly erroneous. It is plain that the trial Court would have been in better position to arrive at its findings and conclusions if the third man present at the time of the vital conversation, a disinterested witness, had been allowed to give his testimony. We think it was error to refuse defendant's timely request and that a reasonable time should be given defendant to procure the attendance of this witness or his deposition. The Court can then consider the entire case in the light of this new testimony and any other which the Court may elect to hear and make new findings based thereon.

The order of the Court below is reversed and the cause remanded for further proceedings in conformity herewith.

Reversed and remanded.

---

7. The suit seems to have made its way in leisurely fashion through the court below. This chronology is worthy of note:

| | |
|---|---|
| June, 1953 | Complaint filed. |
| July 22, 1955 | Evidence introduced and case taken under advisement for submission of briefs. |
| Aug. 3, 1955 | Motion for leave to take deposition of George W. Nelson filed and served by defendant. |
| Aug. 31, 1955 | Order entered denying the request. |
| Nov. 8, 1955 | Judgment entered in favor of plaintiff. |
| Nov. 17, 1955 | Motion for new trial filed and served based in part upon error in refusing permission to procure this testimony. |
| Dec. 14, 1955 | This motion overruled. |
| Feb. 24, 1956 | Findings of Fact and Conclusions of Law filed by Court below. |