SUMMERS, Justice
(dissenting).
I do not agree that the contract in question violates the provisions of Section 921 of Title 23 of the Revised Statutes. Nowhere in the contract is it stipulated that the employee, Dr. Cole, agreed not “to engage in any competing business for himself, or as the employer of another, upon the termination of his contract of employment.” What he has agreed to do is pay $6,000 as liquidated damage if he engaged in practice. In my view he could lawfully agree to that condition.
This Court has enforced a similar contract before. In Martin-Parry Corporation v. New Orleans Fire Detection Service, 221 La. 677, 60 So.2d 83 (1952), the contract restraint under consideration provided that the employee would, among other things, at the termination of the contract, refrain from using the employer’s trade name and that he would not,
* * * prior to the termination hereof, :or for a period of two (2) years after the termination hereof, disturb, hire, entice away, or in any other manner' pérsuade any employee of dealer of the 'Cdfnpany to discontinue his relation to thé Company as an employee or dealer, ás the case may be.
In overruling a lower court judgment holding that there was “no mutuality of obligations” in such a contract, this Court held:
We are not in accord with the ruling. The agreement is a valid, bilateral commutative contract under which the defendant, as part of the consideration of his employment by plaintiff and the recompense to be derived therefrom, promised to desist from “enticing away,” upon termination of his employment' and. for two years thereafter, the other, employees and dealers in the service ¡of plaintiff. . ■,
Although the Martin-Parry Case is' 'not identical with the case at bar, the principle, that an employee may bind himself with his employer to restrain his activities after'the termination of his employment, is approved by this Court, so long as that restraint does not run counter to the prohibitions contained in Section 921 of Title 23 of the ‘Revised Statutes.
In the case at bar, when the employee agreed to pay the $6,000 as liquidated 'damage if he should engage in practice in Lafayette, he was not contracting “nót‘!tó *659 engage in • any competing business.” He was agreeing that if he did he would pay $6,000. If this condition or restraint is reasonable and does not amount to an obstacle to his practicing his profession, I am of the opinion it is enforceable. Note, 40 La.L.Rev. 424 (1966). The $6,000 does not amount to a prohibition against the right to practice. It is merely an agreement to compensate the employers for the time and expense resulting from the termination of the contract by the employee.
The record indicates that the employee, Dr. Cole, earned in excess of $30,000 per annum and the penalty provision is therefore no insurmountable problem to his engaging in the practice. As this Court declared in the Martin-Parry Case:
Accordingly, as long as the object of the contract is lawful, it is the duty of the court to enforce it as written. In the case at bar, the stipulation of the defendant that he would refrain, after the termination of the contract, from capturing for his own account or for others the employees and dealers of the plaintiff was a perfectly lawful promise based on reasonable grounds and supported by valuable consideration, i. e., the salary and emoluments to be obtained in the position of Branch Manager.
I cannot see why Dr. Cole, the employee here,- could not likewise agree to pay $6,000 if he terminated the contract and practiced in Lafayette, in consideration of the clinic facilities which were made available to him by him employers and the very adequate salary and other emoluments he received in the employment contract.
I respectfully dissent.